Atkinson, J.
Emmett Gibson and Baider Davis were jointly indicted for tbe murder of Hamp McGee by shooting him with a shotgun. On separate trial Emmett Gibson was convicted and sentenced to be executed. His motion for new trial was overruled, and he excepted. The special grounds of the motion 4 to 10, inclusive, relate to rulings on admissibility of evidence. Ground 11' relates to alleged newly discovered evidence as set forth in an affidavit made by George Ware, a fellow prisoner, as to physical punishment administered by the officers to Emmett Gibson while he was confined in jail; also to alleged newly discovered evidence as set forth in an affidavit made by Baider Davis, also a fellow prisoner in Pulton County jail on April 20, 1933, to the effect that Davis alone committed the homicide, and that he had implicated Emmett Gibson in the’ hope that it<cwould make it better for him;” also that certain written confessions of both affiant and Emmett Gibson were extorted by officers. Ground 12 relates to alleged newly discovered evidence as set forth in an affidavit executed in Baldwin County by Baider Davis at 8:23 a. m. on June 14, 1933, before his execution on that date for murder of a different person, in which affidavit the affiant stated that he alone killed Hamp McGee, and that Emmett Gibson took no part in the commission of the crime; also evidence as to declarations by Baider Davis at different times and up to the moment of his execution, to the effect that he alone committed the murder for which Emmett Gibson had been convicted, and that Gibson had not participated and was innocent of the crime. The only supporting,evidence as to the character of George Ware was an *708 affidavit that the affiant “has known one George Ware for the past fifteen years, and that during this length of time he has known George Ware to be a negro of good character and dependability. Deponent further says that he has had occasion to work this George Ware, and that during this employment of the said George Ware he found him to be an honest and conscientious negro boy.” There was no supporting evidence as to the character of Raider Davis. All of the alleged newly discovered evidence tended to contradict evidence introduced by the State on the trial. The State made a counter-showing, which tended to rebut all the alleged newly discovered evidence.
In the circumstances stated below, it was not erroneous to allow a witness to testify: “I saw a shell out there. . . I saw the officer pick it up, . . a cut shell, . . that is what they call a ringshell, . . it bunches it. . . I never have. . You can cut them in different places,” over the objections (a) that the witness had not qualified as an expert, (b) that it was hearsay. Nor was it erroneous to allow the same witness to testify: “This one was cut, . . about that much of it, from my finger up there. It was all cut around. I did not have that shell. The officers had it,” over the objection that the shell would be the highest and best evidence. The witness also testified that he had had some experience with a shotgun. The shell was later introduced in evidence.
The defendant moved to exclude certain testimony. The court stated, “I overrule the objection for the present. I think you understand what I mean by that ruling.” There was no renewal of the motion. Even if the evidence was objectionable and harmful to the defendant, the failure to renew his motion, or otherwise invoke a ruling on the question of admissibility of the evidence, was a waiver of the grounds of objection. Mitchell v. State, 152 Ga. 375 (9) (109 S. E. 357); Cawthon v. State0, 119 Ga. 395 (7) (46 S. E. 897); Bacon v. Bacon, 161 Ga. 978 (133 S. E. 512); Thompson v. State, 166 Ga. 512 (6) (143 S. E. 896).
Admission of testimony relating to certain empty shotgun shells marked No. 1, No. 10, and No. 11, respectively was objected to on the ground “ there was only one shell found on the premises, and the testimony about any other shells would be inadmissible, irj-gleyant, and highly prejudicial,” The judge admitted the test! *709 mony, stating to the defendant’s attorneys that he would have a right to renew his objection if the State failed to follow it up with other evidence. There was no renewal of the objection. The same witness testified that the shells 10 and 11 “were fired out of the shotgun that we got from Raider Davis.” This testimony also was objected to on the ground that it was irrelevant. The witness further testified: “This is the gun out of which the shells were fired. The gun is marked D. It is a gun without a sight.” Another witness testified: “I recognize this shotgun which you show me. I know who was arrested at the time that gun was recovered. That was Raider Davis. . . He was captured in a negro house, I think oh Pitt’s road.” This testimony was objected to as irrelevant. The evidence was ruled out, “except as it relates to the gun.” The shotgun was admitted in evidence over the objection that “it has never been shown that it was in the possession of Emmett Gibson or on his person. It would be highly prejudicial and immaterial.” The two shells marked 10 and 11 were admitted in evidence over the objection that they have “no connection whatsoever with this case.” There being other evidence tending to show that Emmett Gibson, the defendant on trial, had previously been in possession of the gun, and delivered it to Raider Davis, and that it had been kept in concealment in the woods by both of them, and that they committed the homicide, and that the shell marked number 1 was found by the officers at the scene of the homicide, and that the plunger mark on that shell corresponded with the plunger mark on the shells 10 and 11, there was no error in admission of the evidence over the objections stated.
Another witness testified: “I have seen this watch which you show me. Raider Davis had it. He dropped it out of his pocket on the floor of my house; we were having a crap game, a crap game at my house.” The attorney for defendant moved “to rule out what Raider Davis had” at that house, on the ground of irrelevancy and immateriality. Another witness was asked: “What went on that night [the night of the crap game], with reference to a watch?” Objection to the question was interposed, and was overruled. The ground of the motion for a new trial does not disclose the answer to the question. Other evidence tended to show the commission of the homicide by both Gibson and Davis, and that the watch was taken by Emmett Gibson from the body of the deceased *710 while both were rifling his clothes for valuables therein contained, and that both attended the “crap game” after the murder and were present at the time of the incident related by the witness, and continued to conceal their connection with the crime. In these circumstances the evidence that was admitted over objection tended to identify the defendant with perpetration of the crime, and there was no error in admitting it over the objections stated.
Evidence was introduced by the State, without objection, as to a confession by the defendant, which was corroborated by other evidence as to the crime having been committed, and other evidence corroborating the confession, giving details as to how it was committed. There was also other evidence than the confession, tending to show that the defendant perpetrated the crime. The evidence was sufficient to support the verdict.
There was no compliance with the requirements of the Civil Code, § 6086, in the matter of supporting evidence as to residence, associates, means of knowledge, character, and credibility of George Ware and Raider Davis. If there had been such compliance, in view of the rebutting evidence set forth in the counter-showing made by the State, the alleged newly discovered evidence of those persons would not require the grant of a new trial. It is immaterial to consider whether on another trial the declaration of Raider Davis immediately preceding his execution for a different murder, assuming sole responsibility for the murder in question and entirely exculpating Emmett Gibson, would be admissible under the theory of dying declarations. As to this question see Westberry v. State, 175 Ga. 115 (164 S. E. 905).
The judge did not err in refusing a new trial.

Judgment affirmed.

All the Justices concur.