40491. HUGHES v. BROWN, by Next Friend.

JORDAN, Judge. This was a suit to recover damages for permanent injuries sustained by the plaintiff, a minor, as a result of the alleged negligence of the defendant in the operation of his automobile. The jury returned a verdict for the plaintiff and the exception is to the denial of the defendant's amended motion for new trial. *Held:*

1. The evidence in this case disclosed that the plaintiff had suffered permanent injuries of a very serious nature and would of necessity require some form of medical care and treatment for the rest of his life. However, there was no evidence, as contended in special ground 8, from which the jury could ascertain other than by sheer conjecture and speculation what the plaintiff's future medical expenses would be, after he arrived at the age of 21; and it was reversible error under the evidence in this case for the court to submit to the jury the question of such expenses as an item of damages. *Georgia Power Co. v. Watts,* 56 Ga. App. 322 (4), 325 (192 SE 493). If, on the subsequent trial of this case, the evidence adduced should authorize a charge on this subject the court should instruct the jury, as contended in special ground 9, that any award for future medical expenses should be reduced to its present cash value.

2. Under the ruling of this court in Division 3 of the opinion in the recent case of *Dowis v. McCurdy,* 109 Ga. App. 488, special grounds 1, 2, 3 and 7 which assign error on the four excerpts from the charge of the court do not show reversible error. The instructions under review in these grounds, however, are subject to the criticism lodged against the charge under review in Division 3 of the *Dowis* case; and on the subsequent trial of this case, the court, in instructing the jury in regard to the alleged acts of common law negligence upon which recovery is sought by the plaintiff, should clearly inform the jury that it is their duty to determine not only whether the act or acts were committed, but also, if committed, whether the same amounted to negligence, and if so, whether such negligent act or acts proximately caused plaintiff's injuries.

3. In special grounds 10 and 11 it is contended that the trial court erred in certain respects in its charge to the jury on the issue of damages for impairment of future earning capacity. Since this case is to be tried again, it is unnecessary to consider these grounds of the amended motion other than to point out that on the subsequent trial of the case, the court should instruct the jury in this regard in accord with the principles enumerated in *Thomas v. Barnett,* 107 Ga. App. 717 (3), 726 (131 SE2d 818), where it was stated: ". . . that damages to a minor for impairment of future earning

capacity may 'be left to the conscience of impartial jurors, without any proof as to prospective earning capacity' ", and *Atlanta K. &c. R. Co. v. Gardner,* 122 Ga. 82 (2) (49 SE 818). Cf. *Lanier v. O'Bear,* 101 Ga. App. 667, 670 (5) (115 SE2d 110).

4. The remaining special grounds are without merit. Since this case is to be tried again, the general grounds are not ruled upon.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED APRIL 16, 1964.

*Woodruff, Savell, Lane & Williams, Edward L. Savell, Raymond R. Dew, Dan Winn,* for plaintiff in error.

*Cecil D. Franklin,* contra.

