## 47954. CLAYTON COUNTY BOARD OF EDUCATION v. HOOPER.

EVANS, Judge. Mrs. Billie H. Hooper sued Clayton County

Board of Education and Bluebird Body Co. for injury and damage arising out of a collision of a motor vehicle driven by Mrs. Hooper and a school bus owned and operated by the board of education. The body of the school bus was designed and manufactured by the defendant Bluebird Body Co. The defendants answered, denying the material portions of the complaint. After completion of discovery the case came on for trial, and the court directed a verdict in favor of the Bluebird Body Co. Thereafter, verdict was returned by the jury in favor of the plaintiff and judgment was duly entered thereon. The defendant board of education filed its motion for new trial which was later amended, heard, and overruled. Defendant appeals from the judgment awarding damages, enumerating error on the overruling of its motion for new trial. *Held:*

1. Error is enumerated on the court's charge to the jury on future hospitalization and medical expense because there was no evidence authorizing such charge. An examination of the evidence shows that no evidence was presented from which the jury could ascertain, except by mere conjecture and speculation, that the plaintiff would ever have any such future expenses. The charge of the court was, therefore, erroneous. See *Georgia Power Co. v. Watts,* 56 Ga. App. 322 (192 SE 493); *Hughes v. Brown,* 109 Ga. App. 578, 579 (136 SE2d 403); *Leonard v. Kirkpatrick,* 118 Ga. App. 277 (163 SE2d 340). Of course, prospective medical expenses which are authorized by the evidence are recoverable in this state. *Peak v. Cody,* 113 Ga. App. 674 (4) (149 SE2d 519); *Daugherty v. Vick,* 127 Ga. App. 767 (195 SE2d 208). The only testimony remotely touching this subject is found in the doctor's testimony that there would possibly be a charge of $50 more for X-rays to be taken in the future, with no testimony whatever on future hospitalization. The erroneous charge of the

court requires the grant of a new trial.

2. The second enumeration of error contends the court erred in charging on future pain and suffering because the plaintiff testified at the trial that she was free of neck pain at that time. However, she also testified that she was suffering discomfort from other injuries; and her doctor testified that it was too early to tell whether the operation on her neck was such a complete success as to insure that she would thereafter be free of pain; and it would be from four to six months before he could tell "the final results from the surgery . . . I wouldn't be surprised if she might have a residual degree of nagging, aggravating and occasional pain." Plaintiff was wearing a brace on her neck and was to continue to wear same. This was ample evidence to indicate that plaintiff, in the future, would have to endure pain and suffering. There was no error in the charge on this subject.

3. Error is enumerated on the admission in evidence of certain testimony by plaintiff's doctor as to plaintiff's medical history. But this evidence was not offered as original evidence to prove the contents of plaintiff's statements to her doctor, but was solely to *explain why he took certain action* as a result of her relating these facts to him. Code § 38-302 provides that conversations, etc. may be admitted in evidence to *explain conduct and ascertain motives,* and in such cases, they are received, not as hearsay, but as original evidence. Also see *Paulk v. Thomas,* 115 Ga. App. 436 (154 SE2d 872). The general rule as to excluding medical history as hearsay is not in point. Two cases dealing with the general rule—and not in point here—are *Perkins v. Perkins,* 227 Ga. 177 (179 SE2d 518); *Sapp v. Kitchens,* 124 Ga. App. 764 (186 SE2d 121). Further, the objection made by defendant was not complete. The court, in ruling on the objection, announced that he would overrule the objection "at this time," and thereafter

the objection was never renewed. Failure to renew objection to the conditional admission of evidence affords no basis of appeal. *Gibson v. State,* 178 Ga. 707, 708 (174 SE 354).

4. Plaintiff had been treated for an earlier spinal injury by a Dr. Wood, whose deposition was taken prior to the trial by plaintiff. But Dr. Wood was most uncooperative, and during the taking of his deposition, refused to continue with same, and obtained an injunction to stop the taking of same until he was paid for said deposition. During the trial defendant offered in evidence a part of Dr. Wood's deposition; and plaintiff then offered other parts of said deposition in rebuttal. Defendant objected and enumerates error, contending that the part of deposition offered by plaintiff was not in rebuttal.

Code Ann. § 81A-132 (a 5) (Section 32, CPA; Ga. L. 1966, pp. 609, 644; 1972, pp. 510, 521) provides that where part of a deposition is offered by one party, the adverse party may require said party to introduce all of the deposition that is relevant to the part introduced; and may himself introduce any other part of said deposition. Further, said part offered by plaintiff was admissible to prove the state of the witness' feeling toward plaintiff, which is always a proper matter of proof. Code § 38-1712. Once the doctor was shown to have hostile feeling towards plaintiff, such reflected on his credibility. See Code § 38-1805, and *Hayes v. Hay,* 92 Ga. App. 88, 92 (88 SE2d 306).

5. Error is enumerated on the court's charge that the value of the damages to the truck might be shown by evidence as to the value of the truck immediately before the collision and the value of the truck immediately after the collision. This was the measure of damages alleged by plaintiff in her complaint. It is contended that there was no valid evidence before the jury authorizing said charge.

Plaintiff testified as to the approximate cost of repairs to the truck, and we recognize that this is a measure of damages that she might have recovered, had she sued for same, and had the court properly charged on same. See *Lamon v. Perry,* 33 Ga. App. 248, 249 (125 SE 907), which holds that the amount must be shown to represent the reasonable value of such necessary material and labor for said repairs. But she did not sue for the value of the repairs to the truck, even had her testimony measured up to the above requirement, nor did the court charge thereon, although he did instruct the jury that they might consider any evidence as to repairs as it might reflect on the value of the truck after the collision. In *Nail v. Hiers,* 116 Ga. App. 522 (157 SE2d 771), a similar situation was dealt with by this court, and in that case, the evidence was more favorable to the plaintiff than in the case sub judice. There the truck was wrecked within two days after it was bought, and had been driven just 104 miles, whereas in the case sub judice the car was about a year old, and plaintiff offered no testimony as to the value of same after the collision, except that she had taken quite good care of the truck and had expended around five hundred dollars for repairs. In the posture of the case, the trial judge was not authorized to charge on the damages to the truck as measured by the value immediately before and immediately after the collision, for lack of evidence on this question.

6. Enumeration of error number six contends that the trial court should have excluded certain testimony as found in various pages of the transcript. We find no objection made to this testimony complained of. Further, counsel has failed to refer to the page or pages in the transcript where such objections were made and under these circumstances, we must consider this enumeration of error to be abandoned or as having no merit.

7. In enumeration of error number eight counsel contends that the trial court erred in charging with reference to a possible violation of Code Ann. § 68-1652 (a) and (b) (Ga. L. 1953, Nov. Sess., pp. 556, 590), which statute requires the driver of a vehicle to stop as required by law at the entrance to a through highway and to yield the right of way to other vehicles and the failure of which may be accounted as negligence per se. The court charged that if the jury should find the facts alleged to be true the jury would determine whether or not the defendant is guilty of negligence per se. There was ample testimony from which the jury could have found the act of the defendant's driver caused the collision and that said act amounted to negligence per se. Appellant contends the charge thereon was confusing to the jury in referring to ordinary negligence as negligence per se. There is no merit in this complaint.

8. The evidence in this case was sufficient to support the verdict, and the court did not err in overruling the general grounds of the motion for new trial. However, for the reasons stated in Divisions 1 and 5 of this opinion, a new trial is granted.

*Judgment reversed. Hall, P. J., and Clark, J., concur.*

SUBMITTED MARCH 6, 1973 — DECIDED APRIL 3, 1973 — REHEARING DENIED APRIL 18, 1973.

*Ross & Finch, I. J. Parkerson, Malcolm P. Smith,* for appellant.

*Albert B. Wallace,* for appellee.