52849. NATIONAL ENTERPRISES, INC. v. DAVIS.

BELL, Chief Judge.

This is an appeal from the grant of summary judgment for plaintiff as to the breach of contract count of the complaint. A third party, Attaway, rented an automobile from Bryant Systems, Inc. The rental contract provided in part: "Renter participates as an insured in the benefits of automobile bodily injury and property damage liability insurance and is bound by and agrees to the terms and conditions, limitations and restrictions thereof, even though all of them are not outlined herein (a master copy of such policy will be available for inspection by Renter upon demand at each office of company). Such insurance provides bodily injury or death liability limits of at least $100,000 for each person in each accident, and subject to the foregoing limitation, $300,000 for all persons in each accident and property damage liability to $25,000 for each accident; however, the Renter is forewarned hereby that the policy excludes injuries to persons entering and leaving the vehicle. . ." The rental car while being operated by Attaway's wife, an authorized driver per the terms of the contract, was involved in an accident in which plaintiff was injured. In a separate suit plaintiff obtained a judgment against the Attaways for $35,000. Bryant actually only carried insurance applicable to a renter with bodily injury limits of $10,000

per person per accident and not $100,000 as provided in the contract. The insurance carrier paid the policy limits of $10,000 to plaintiff. The Attaways assigned all other claim rights under the contract with Bryant to plaintiff. Bryant merged with National Enterprises, Inc., which assumed all of Bryant's liabilities. *Held:*

1. As to the issue of whether there was a breach of contract, the defendant argues that since the rental contract makes reference to the insurance policy and that it was available for inspection by the renter, the lower limits of coverage must apply. Hence there was no breach of the contract. This argument cannot prevail. If it was adopted it would amount to approval of conduct tantamount to condoning a deceptive and fraudulent practice. Clearly Bryant knew its insurance coverage and the only apparent purpose in stating unequivocally the higher limits in the rental contract would be to intentionally deceive the renter. A contract will not be construed so as to authorize one of the parties to take advantage of his own wrong. *Finlay v. Ludden & Bates Southern Music House,* 105 Ga. 264 (31 SE 180). Secondly, the contract with the two inconsistent provisions as to insurance must be construed against defendant's predecessor Bryant as it was drafted by the latter. *Benevolent Burial Assn. v. Harrison,* 181 Ga. 230, 239 (181 SE 829). Accordingly, under these undisputed facts, there was a breach of the rental contract by Bryant because of the failure to provide the higher specified limits of insurance coverage as contracted.

2. However, there is one issue of fact which remains for the jury to resolve. Defendant pleaded that the plaintiff was the mother of Mrs. Attaway and that the Attaways conspired with plaintiff to obtain the entry of a default judgment against the Attaways and with knowledge that plaintiff would attempt to obtain satisfaction of her judgment by bringing the instant action. This contention when coupled with the rental contract creates a material issue and that issue remains in the case. The rental contract provides: ". . . The Renter or Driver shall not in any manner aid or abet any claimant, but shall cooperate fully with Company and its insurer in all matters connected with investigation and

defense of any claim or suit. In the event that Renter or Driver shall fail to comply with this paragraph Renter shall be liable for all liability that may thereby accrue to Company and shall save Company harmless therefrom." Thus, if a conspiracy was properly proven and to the satisfaction of the jury, plaintiff would be precluded from recovering from the defendant.

*Judgment reversed. Clark and Stolz, JJ., concur.*

· Argued October 6, 1976 — Decided November 18, 1976.

*Ringel, Gray & Hinson, Jerry T. Hinson,* for appellant.

*Redfern, Butler & Morgan, E. Lee Redfern, Rex M. Lamb, III,* for appellee.