### 34079. PHILLIPS v. PHILLIPS et al.

UNDERCOFLER, Presiding Justice.

Plaintiff, Johnnie Will Phillips, seeks partition of 562.5 acres of land, claiming a quarter interest in the property by virtue of four quitclaim deeds and an intestate share of her father, E. L. Phillips', estate. The three defendants are the remaining grantees of the quitclaim deeds and are also children of E. L. Phillips. Intervenors, four other children of their deceased father, were granted permission to enter the partitioning proceeding and sought, along with the defendants, to set aside for fraud the four quitclaim deeds under which the plaintiff claims her interest. A jury returned a verdict to cancel the deeds and plaintiff appeals. We affirm.

E. L. Phillips died intestate in 1971, leaving his widow and eleven children. The widow was awarded the family farm of over five hundred acres under a year's support claim, but this was set aside after objection by three of the children. A second application resulted in a year's support award of seventy-five acres to the widow, which these same children again contested. This suit was settled when these three children sold their intestate interests to their mother. She quitclaimed her intestate interest in the whole tract, the seventy-five acres which had been set aside as year's support, and the intestate interests she acquired from the three children by purchase to the plaintiff and the three defendants. The four remaining children, the intervenors, also quitclaimed their intestate interests to the plaintiff and the three defendants, giving these four children legal title

to the whole tract. The three defendants and four intervenors seek to defend the plaintiff's suit for partition by setting aside these quitclaim deeds on the ground that the consideration for this arrangement was an oral promise by all the grantees to provide a home and care for the widow for the remainder of her life and to allow farm operations and improvements to be carried on more readily by those who lived on the property, as well as to reconvey to the intervenors upon request. The jury found in favor of the defendants and intervenors and the trial court ordered all four deeds canceled.

1. The plaintiff enumerates as error the participation of the defendants, along with the intervenors, against her on the fraud issue. Both defendants and intervenors claimed in their pleadings that the deeds should be canceled for fraud. *Dollar v. Dollar,* 214 Ga. 499 (105 SE2d 736) (1958) and *Rutherford v. Jones,* 14 Ga. 521 (1854) hold that defendants in partitioning may defend by challenging the petitioner's title. Since the defendants were also grantees in all the deeds upon which the plaintiff's claim for partitioning was grounded, there is no merit to the plaintiff's argument that the defendants had no interest in the cancellation issue. In fact, they are necessary parties. *Hall v. Hall,* 230 Ga. 873 (199 SE2d 798) (1973).

2. Plaintiff also enumerates as error the failure of the trial court to disqualify the defendant's attorney because he had represented all the grantees of the quitclaim deeds (the plaintiff and the three defendants) in the year's support proceedings, and had drawn and witnessed these deeds which he, on behalf of the defendants, was now seeking to set aside.[1] The trial court found there was not such "a substantial relationship" between the attorney's representation of the plaintiff in the year's support proceeding and the present action that would require the attorney's disqualification. *Tilley v. King,* 190 Ga. 421 (9 SE2d 670) (1940). Under the standards set out in *Tilley v. King,* supra, we agree with the trial court.

---

[1]The attorney was not privy to the oral agreements the jury found were made in connection with these deeds.

3. In her third enumeration of error, the plaintiff urges that the trial court erred in refusing to grant a mistrial because the court expressed an opinion on the ultimate facts in issue, contrary to law. Code Ann. § 81-1104. We find no reversible error. Our reading of the transcript shows that the misunderstanding, if any, was caused by the plaintiff's counsel and, therefore, was corrected sufficiently by the trial court's instructions to the jury. We do not find that the court expressed an opinion on the ultimate facts in issue.

4. Enumerations of error 4, 5, 6, 7, 8, 9, 10 and 11, deal with the charge given by the trial court. In Enumerations 4, 5, and 6 the plaintiff asserts that the trial court erred in charging, without request, on confidential relations and the burden of proof because there is no evidence to support such a charge. In Enumerations 7 to 11, she complains that charges she requested were improperly refused. The charge given on confidential relations, though perhaps overbroad in scope, did not, on the whole, present the case to the jury in a manner prejudicial to the plaintiff. It understood that, if any or all of the deeds were gifts, cancellation was inappropriate, while, if it found fraudulent oral promises were made in connection with any of the deeds, those deeds could be canceled. Of the charges refused, either the substance was adequately covered by the trial court's charge or they were correctly refused as inapplicable as presented. We find no reversible error.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 10, 1978 — DECIDED OCTOBER 31, 1978 — REHEARING DENIED NOVEMBER 21, 1978.

*Wilson R. Smith, William Ward Newton,* for appellant.

*Alvin L. Layne, William T. Darby, Calhoun & Kernaghan, Herbert E. Kernaghan, Jr.,* for appellees.