57606. GOBBI v. HURT et al.

CARLEY, Judge.

Gobbi signed a contract on October 13, 1975, to purchase a home owned by Hurt. The contract contained 34 stipulations and a merger clause.[1] Shortly thereafter but prior to closing Gobbi and his family moved into the house. One of the special stipulations was that the sale was to be closed within 45 days of execution of the contract. However, by December 1 the sale had not been closed. Gobbi wrote Hurt a letter complaining of various deficiencies in the house and Hurt's failure to have them repaired, suggesting as an equitable resolution to the situation that the contract be rescinded, with Hurt to retain the earnest money and supplementary payments and Gobbi to vacate no later than January 31, 1976. Subsequently, Gobbi and Hurt met for the first time and agreed that Gobbi would purchase the house and would close upon completion of specified repair work including that relating to the roof. Repairs were made and on December 31, 1975, the sale was closed resulting in the vesting of title in Gobbi. However, subsequent to the conveyance, the roof again began to leak.

On April 12, 1977, Gobbi filed suit alleging a breach of contract to repair the roof and naming as defendants in Count 1 Hurt, individually, and in Counts 2 and 3 a roofing company and T. J. Hurt Construction, Inc. This appeal is from the grant of Hurt's motion for summary judgment. Gobbi's claims against the other parties remain pending in the trial court. The only question presented is if a genuine issue of material fact exists as to whether any obligation of Hurt individually to repair the roof survived the closing. We agree that there was not and

---

[1] "This contract constitutes the sole and entire agreement between the parties hereto and no modification of this contract shall be binding unless attached hereto and signed by all parties to this agreement. No representation, promise, or inducement not included in this contract shall be binding upon any party hereto."

affirm.

Most Georgia cases apply the strict rule of merger — that all prior inconsistent agreements to a deed of bargain and sale are merged or superseded with the exception of distinct collateral agreements. See Pindar, Georgia Real Estate Law 675, §§ 19-145, 19-146 (1971); 6 EGL 112, Contracts, § 74 and cits. In this case the sales contract between Gobbi and Hurt provided that "such papers as may be legally necessary to carry out the terms of this contract shall be executed and delivered by such parties at time sale is consummated." The sales contract contains no guarantee of roof repairs, nor are such repairs listed as one of the 34 special stipulations.[2] Gobbi testified that the roof had been repaired when the house closed, and at closing Gobbi signed a settlement statement reflecting that from the proceeds due Hurt as seller the sum of $250 was withheld for "roof repairs."

Both the deed and the settlement statement were prepared by Gobbi's attorney, and the deed contains no repair obligation, no express warranties or guarantees other than the usual warranty of title, and no provision relating to the survival of any alleged agreement to repair the roof. Since both documents were prepared by Gobbi's lawyer, they must be construed most strongly against him. Code Ann. § 20-704 (5); *Oak Creek Development Corp. v. Hartline-Thomas,* 138 Ga. App. 83, 85 (1a) (225 SE2d 515) (1976); *Moorefield v. Fidelity Mut. Life Ins. Co.,* 135 Ga. 186, 187 (2) (69 SE 119) (1910).

Moreover, once the defense of merger was raised, "[i]t thereupon became the plaintiff's duty to present facts by pleadings or evidence to show that the agreements alleged were not merged with the warranty deed." *Stone Mountain Memorial Assn. v. Bell,* 236 Ga. 355, 358 (2) (223 SE2d 715) (1976). Gobbi's affidavit asserts that "[a]t no time did I intend for Mr. Hurt's obligation to repair the roof at 3759 Shiloh Trail to be merged at the time of

[2]However, the contract entered into on December 3, 1975, by T. J. Hurt Construction Company and Roof Rite Roofing Company to repair the roof did guarantee the work done for a period of one year.

closing"; and that he reiterated this intent to everyone present at the December 31 closing. However, Hurt was not present at the closing and what Gobbi may have intended was not expressed in the deed or any other written agreements between these two parties. Since Hurt made a prima facie showing of entitlement to judgment, it then became incumbent upon Gobbi to come forward with "specific facts showing that there is a genuine issue for trial," which he failed to do. Code Ann. § 81A-156 (e); *Concept-National, Inc. v. DiMattina Supply Co.,* 147 Ga. App. 865 (250 SE2d 552) (1978). See also *Postell v. Hearn,* 104 Ga. App. 765 (123 SE2d 13) (1961). It follows that summary judgment was properly granted as to this issue.

*Judgment affirmed. Banke, Acting P. J., and Underwood, J., concur.*

ARGUED APRIL 9, 1979 — DECIDED MAY 17, 1979.

*Gray, Hinson & Weyant, Charles Ratz,* for appellant.
*Gambrell & Mobley, James L. Paul,* for appellees.