## 36616. HALL v. CHASTAIN.

JORDAN, Presiding Justice.

Joseph B. Chastain, plaintiff, filed a complaint against Marvin J. Hall, defendant, alleging that the defendant had lost control of his vehicle and driven it into a brick wall surrounding the plaintiff's property, and further, that the defendant had acted in bad faith and been stubbornly litigious. The plaintiff prayed both for damages and expenses of litigation. The jury returned a verdict for the plaintiff in the amount of $10,000 and the defendant appeals. We affirm.

1. Defendant argues that the trial court erred in denying his motion for a directed verdict on the issue of negligence. We note, however, that the defendant admitted in his answer that "On or about January 20, 1979, [defendant] was operating a 1976 Ford automobile northerly on Hilton Avenue, [and] lost control of his vehicle and drove same into the brick wall surrounding plaintiff's property and knocked down a [small] portion of same."

Res ipsa loquitur "is a rule of evidence which allows an inference of negligence to arise from the happening of an event causing an injury to another where it is shown that 'the defendant owned, operated and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage,' and 'the accident was of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence.' *Chenall v. Palmer Brick Co.,* 117 Ga. 106, 109 (43 SE 443) (1903). The rule is one of necessity in cases where there is no evidence of consequence showing negligence on the part of the defendant." *Parker v. Dailey,* 226 Ga. 643, 645 (177 SE2d 44) (1970).

Accordingly, we hold that the trial court did not err in denying the defendant's motion for a directed verdict on the issue of negligence.

2. Defendant argues that the trial court's acceptance into evidence of Columbus City Ordinance § 20-9.18 was error for two reasons: said ordinance establishes a standard of conduct so vague as to violate the notice requirement of due process and there was insufficient evidence of the defendant's violation of said ordinance.

Section 20-9.18 provides that "the operator of a motor vehicle at all times shall operate the vehicle in a manner which is safe for the condition on the highways, streets, alleys, driveways, bridges, viaducts, or underpasses, so they do not collide with stationery objects legally on or adjacent to the right of way."

In *Strickland v. Whatley,* 142 Ga. 802 (83 SE 856) (1914), where the statute challenged as unconstitutionally vague prohibited the operation of cars "at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property," this court held that "the measure of care laid down in the act is not too indefinite to furnish a rule of civil conduct. Indeed, in most respects it is not greatly different from the rule of ordinary care which would apply in the absence of a statute." Id. at 802.

Similarly, we hold that, in the context of the present civil litigation, Columbus City Ordinance 20-9.18 is not so vague as to violate the notice requirement of due process.

For the reasons stated in Division One of this opinion, we also

hold that there was sufficient evidence of the defendant's violation of this ordinance. Accordingly, we hold that the trial court did not err in accepting said ordinance into evidence.

3. The trial court charged the jury that the proper measure of damages was "the actual value of the property to the owner, taking into account its cost, practicality and expense of repairing or replacing it, and such other consideration which affect its value to the owner." Appellant argues that said charge was not authorized by the evidence, and, was therefore, erroneous.

"For fencing, injured or destroyed, the recovery should be measured by the cost of restoring it and making its condition as good as that in which it was when injured or destroyed." *Central R. &c. Co. v. Murray,* 93 Ga. 256, 257 (20 SE 129) (1893); accord, *Buhl v. Sandy Springs Medical Center,* 147 Ga. App. 176, 177 (248 SE2d 238) (1978); Dobbs, Remedies, Ch. 5, § 5.1, pp. 312-18 (1973).

Consequently, we agree with the appellant that the trial court's charge on the measure of damages was not authorized by the evidence and was erroneous.

An unauthorized charge on the measure of damages however is held to be harmless when the actual award of damages does not exceed the amount which the jury would have been authorized to award under an authorized charge. See, *Broughton v. Winn,* 60 Ga. 487, 489 (1878); Vangemert v. McCalmon, 68 W2d 618 (414 P2d 617) (1966).

In the present case, the evidence establishes the cost of restoring the plaintiff's wall to be as much as $10,860.69. Thus, the actual award of damages ($10,000) does not exceed the amount which the jury would have been authorized to award under an authorized charge. Under these circumstances we hold that the trial court's charge on the measure of damages was harmless error and was not so prejudicial as to warrant the grant of a new trial.

4. The defendant argues that the trial court erred in charging the jury that "no attorney's fees are involved in this case. The plaintiff withdrew this contention and the court gave a directed verdict to the defendant as to attorney's fees." Noting that the directed verdict was, in fact granted against the plaintiff's contention that "The defendant had acted in bad faith and had been stubbornly litigious, [warranting the plaintiff's recovery of] expenses of litigation," the appellant argues that the charge misled the jury into believing that it was still authorized under the quoted contention to award damages for expenses of litigation other than attorney's fees.

No evidence was admitted at trial regarding any expenses of litigation, and the plaintiff's complaint contained two "contentions" —negligence (which supported the plaintiff's prayer for "compensa-

tory damages") and stubborn litigiousness (which supported the plaintiff's prayer for "expenses of litigation").

"[W]e think the jury must necessarily have understood, from the entire charge, the context, and the sense in which [the phrase "expenses of litigation"] was used, what was really intended, and could not have been thereby misled or confused." *Benton v. Harley,* 21 Ga. App. 168 (94 SE 46) (1917).

5. The appellant argues that the trial court erred in not charging the jury on emergency.

An emergency is a "sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence *in his choice* might be attributable not to lack of care but to lack of time to assess the situation." (Emphasis supplied.) *Davis v. Calhoun,* 128 Ga. App. 104, 106 (195 SE2d 759) (1973).

The only evidence explaining the collision was the defendant's testimony that, despite his efforts to bring his car under control, it plunged to the right, ran off the road and struck the plaintiff's wall. Because there was no evidence of an emergency *choice* by the defendant, the trial court correctly refused to charge the jury on emergency. Id. at 107.

6. The appellant argues that the trial court erred in not charging the jury the requested charges on accident, ordinary care, and circumstantial evidence.

Because the substance of the defendant's requests to charge was adequately covered by the trial court's charges, we find no error. *Phillips v. Phillips,* 242 Ga. 577, 579 (250 SE2d 418) (1978).

*Judgment affirmed. All the Justices concur, except Undercofler, C. J., and Hill, J., who concur in the judgment only and Bowles and Marshall, JJ., who dissent.*

ARGUED SEPTEMBER 10, 1980 — DECIDED NOVEMBER 25, 1980 — REHEARING DENIED DECEMBER 16, 1980.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Jerry A. Buchanan,* for appellant.
*Kenneth M. Henson,* for appellee.