## 65723. MANER v. ROBINSON.

SHULMAN, Chief Judge.

Appellant initiated this dispossessory proceeding against his lessee. Appellee's defense was that he was entitled to possession by virtue of an option to purchase contained in the lease. At trial, appellant's action was involuntarily dismissed.

1. Appellant's first, second and fourth enumerations of error involved issues not raised in the pleadings, at trial, or in appellant's motion for new trial. Although they were argued in a brief filed in support of the motion for new trial, there was no effort to amend the motion to assert those special grounds. Those issues, therefore, are not before this court. *Lester v. Groves,* 162 Ga. App. 590 (1) (291 SE2d 785).

2. In response to a question by appellee's attorney concerning appellant's continued acceptance of appellee's payments on the option after the time appellant asserts the lease had expired, appellant attempted to assert an oral agreement increasing the amount of rent to the sum of the former rent payment and the option payment. The trial court sustained an objection on the parol evidence rule. That ruling is enumerated as error.

Appellant asserts here that he was attempting to explain an ambiguity, but it is clear from the transcript that appellant was attempting to establish an oral agreement contradicting and varying the term of the lease agreement that provided for monthly payments of $110 until the entire downpayment of $2,500 was made. "[P]arol

evidence which contradicts or varies the terms of a written instrument is inadmissible." *Kellos v. Parker-Sharpe, Inc.,* 245 Ga. 130, 132 (263 SE2d 138). There was no error in the exclusion of appellant's testimony.

3. Appellant's final enumeration of error concerns the trial court's ruling that the option agreement continued after the expiration of the period of the lease. The express period of the lease was nine months, but the next clause of the lease provided that appellee would make monthly payments of $110 until a down-payment of $2,500 was paid in full. The trial court ruled that the ambiguity thus created would be construed against the drafter of the instrument, appellant. We find that ruling correct. *Gobbi v. Hurt,* 150 Ga. App. 60 (256 SE2d 664).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 4, 1983.

*Fred L. Cavalli,* for appellant.
*Michael L. Shepherd, Robert E. McCormack III,* for appellee.