## 68437. NORTON et al. v. HUTTON.
### (324 SE2d 744)

CARLEY, Judge.

Appellants borrowed $50,000 from appellee. To evidence the indebtedness, appellants prepared and executed a demand note in favor of appellee which provided for interest payable at the rate of "2% over or 17.75%." Appellants failed to repay the loan on demand, and the instant suit was instituted. Appellants answered and raised several defenses, including that of usury under applicable Florida law. Appellee moved for summary judgment and the trial court ruled in her favor, awarding her $50,000 plus interest at the rate of 17.75%. Appellants appeal on the ground that an issue of fact remains concerning their usury defense.

The evidence presented on the motion for summary judgment showed that appellee stated that she and appellants had never discussed the rate of interest to be applied to the demand note, and that she had left the interest arrangements up to appellant Mr. Norton. Mr. Norton testified that he agreed to pay interest on the note at a rate 2% over the rate which appellee paid on a bank loan she made in order to obtain the funds which she lent to appellants. Although Mr. Norton stated that appellee paid interest on her loan at the rate of 17.75%, the note actually signed by appellee provided for a variable interest rate which was 15.78% at the time the loan was made. Since it fluctuated, the annual interest rate actually paid by appellee over the life of her loan cannot be determined from the record. Accordingly, appellants assert that an issue of fact remains as to their usury defense, contending that the interest rate paid by appellee may have exceeded 16%. If so, then 2% over that rate would exceed 18%, the legal limit for non-usurious interest rates under the Florida law pled and proved by appellants. F.S.A. § 687.02 (1980).

The viability of appellants' usury defense depends, of course, upon the construction of the ambiguous phrase "2% over or 17.75%." The construction of a contract is generally a question of law for the court. OCGA § 13-2-1. " ' "[E]ven ambiguous contracts may be construed by the courts, and a jury question is presented only when the application of the rules of construction fails to resolve the ambiguity." ' [Cits.]" *American Cyanamid Co. v. Ring*, 248 Ga. 673, 674 (286 SE2d 1) (1982). See also *Southern Fed. Savings &c. Assn. of Atlanta v. Lyle*, 249 Ga. 284 (290 SE2d 455) (1982). In construing "2% over or 17.75%," the word "or" could be interpreted either as a disjunctive term or as a reiterative term. *Whitaker v. State*, 11 Ga. App. 208 (5) (75 SE 258) (1912). If "or" is disjunctive, then "2% over" and "17.75%" are alternative interest rates, and there is nothing in the record of the case to indicate which of the alternative rates should be applied. Moreover, as previously noted, the precise rate expressed as

"2% over" cannot be determined from the record even if that term refers to 2% over the interest rate paid by appellee on her loan. Accordingly, if "or" is disjunctive, then the issue of whether the interest rate is usurious cannot be resolved as a matter of law. On the other hand, if "or" is reiterative, then "17.75% is merely an amplification or an explanation of "2% over." Thus, "2% over or 17.75%" means "2% over, or in other words 17.75%." Using this approach, the interest rate is clear and unequivocal, and is not usurious under applicable Florida law.

In determining whether "or" is used disjunctively or reiteratively in the instant case, several rules of construction provide assistance. First, since the demand note was prepared by appellants, its language should be construed most strongly against them. OCGA § 13-2-2; *Gobbi v. Hurt*, 150 Ga. App. 60 (256 SE2d 664) (1979). Additionally, "[t]he construction which will uphold a contract in whole and in every part is to be preferred. [OCGA § 13-2-2.] 'An intention contrary to the law should not be read into a contract by placing such a construction upon a provision therein, when the provision is just as susceptible of a construction that will show a lawful intention on the part of the parties.' [Cit.]" *Price v. Guardian Mtg. Corp.*, 137 Ga. App. 519, 521 (224 SE2d 451) (1976). "All ambiguities in a contract are to be resolved against their existence, and the contract is to be so construed as to prevent forfeiture, unless a contrary construction is demanded. [Cit.]" *Cobbs Land Co. v. Colonial Hill Co.*, 157 Ga. 236, 253 (121 SE 395) (1923).

Applying these principles, we find that "2% over or 17.75%" is appropriately construed as a reiterative phrase, and that the parties intended the applicable rate of interest to be 17.75%, which is not usurious under the Florida law proved by appellants. This construction comports not only with the rules of construction set forth above, but also with the principle that "[a] contract will not be construed so as to authorize one of the parties to take advantage of his own wrong. [Cit.]" *Nat. Enterprises v. Davis*, 140 Ga. App. 488, 489 (231 SE2d 490) (1976).

We hold that the trial court did not err in determining that there was no genuine issue of material fact with regard to appellants' usury defense. Accordingly, the grant of summary judgment in favor of appellee was correct. See *Freeman v. Decatur Loan &c. Corp.*, 140 Ga. App. 682 (231 SE2d 409) (1976); *Southern Fed. Savings &c. Assn. v. Lyle*, supra.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

838

DECIDED NOVEMBER 14, 1984 —
REHEARING DENIED DECEMBER 4, 1984

*Jay M. Sawilowsky*, for appellants.
*Paul H. Dunbar III, Charles C. Stebbins III*, for appellee.