73305. F. A. F. MOTOR CARS, INC. et al. v. CHILDERS et al.
(354 SE2d 6)

SOGNIER, Judge.

Velma and Fred Childers brought suit against F. A. F. Motor Cars, Inc. and Michael Azran for personal injuries and loss of consortium resulting from a collision between Velma Childers' vehicle and the Ferrari driven by Azran and owned by F. A. F. Motor Cars. The jury returned a verdict in favor of the Childers for $148,563.20 and judgment was entered on the verdict after the subtraction of personal injury protection benefits. The trial court denied the motion for new trial made by F. A. F. Motor Cars and Azran and this appeal ensued.

1. Appellants contend the trial court erred by denying their motion for a directed verdict at the close of appellees' evidence. "A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. [Cits.]" *Carver v. Jones*, 166 Ga. App. 197, 199 (3) (303 SE2d 529) (1983). The evidence reveals that appellee Velma Childers (hereinafter "appellee"), after making a proper stop, entered an intersection in the process of making a left turn when her car was struck on the driver's side by the Ferrari. Although the Ferrari had the right-of-way at the intersection, according to one witness the Ferrari was travelling between 65 and 75 miles per hour in a 45 mph zone. Appellee testified she looked before entering the intersection but never saw the Ferrari, which had to travel over a slight crest from a curve in the road before entering the intersection; appellees' other witness stated the Ferrari was visible perhaps one or two seconds before the collision occurred.

"The standard of appellate review of the trial court's denial of a motion for a directed verdict is the 'any evidence' standard. [Cits.]" *United Fed. Sav. &c. Assn. v. Connell*, 166 Ga. App. 329, 330 (1) (304 SE2d 131) (1983). Since there was some evidence that it was the excessive speed of the Ferrari rather than any negligence on appellee's part which caused the collision, the trial court did not err by denying appellants' motion for a directed verdict.

2. Appellants contend the trial court erred by giving six of appellees' requests to charge, nos. 7, 8, 11, 6, 9 and 12. The trial court did not entertain specific objections to charges prior to the instruction of the jury, informing counsel they would have the opportunity to voice their objections in order to perfect the record after the charge was given. Appellants' counsel objected to the charges given as follows: "With respect to the numbered charges presented by the parties, we would except to the Court's giving [appellees'] two, four, five, six, seven, eight, nine, ten, eleven, twelve, fourteen, fifteen, sixteen, nineteen and twenty-two. We feel those charges were not adjusted to the evidence and were argumentative." This exception constituted a mere general objection insufficient under *Christiansen v. Robertson*, 237 Ga. 711 (229 SE2d 472) (1976). See *Harper v. Ga. Southern &c. R. Co.*, 140 Ga. App. 802, 805-806 (7) (232 SE2d 118) (1976). Nor does the record disclose any indication that the trial judge understood the nature of the objections so that he was able to rule intelligently on the specific point raised thereby. Compare *George v. D'Angelo*, 171 Ga. App. 433, 435 (319 SE2d 874) (1984) (Pope, J., concurring specially). Accordingly, these enumerations of error are without merit. See generally id. at 434 (3).

3. Appellants contend the trial court erred by failing to give two requests to charge. Appellees' argument that appellants' objection to the trial court's refusal to so charge was insufficient to bring these enumerations before this court is not well taken. *Roberson v. Hart*, 148 Ga. App. 343, 344 (1) (251 SE2d 173) (1978). Therefore, we will address those enumerated errors.

(a) Appellants contend the trial court erred by failing to give their "seat belt" charge. " ' "A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If any portion of the request is inapt or incorrect, denial of the request is proper." [Cits.]' [Cits.]" *Fowler v. Gorrell*, 148 Ga. App. 573, 576 (2) (a) (251 SE2d 819) (1978). Although appellee testified she was not wearing a seat belt at the time of the collision, appellants introduced no evidence to connect the injuries appellee sustained with her failure to wear a seat belt. Thus, appellants' requested charge, which would have instructed the jury not to award any amount for injuries and damages sustained which were proximately caused by appellee's failure to wear a seat belt and which could have been avoided by the wearing of a seat belt, was not adjusted to the evidence and the trial court did not err by refusing to so charge. See *Wendlandt v. Shepherd Constr. Co.*, 178 Ga. App. 153, 154 (1) (342 SE2d 352) (1986).

(b) Appellants contend the trial court erred by failing to give their charge on sudden emergency. "An emergency is a 'sudden peril caused by circumstances in which the defendant did not participate

and which offered him a choice of conduct without time for thought so that negligence *in his choice* might be attributable not to lack of care but to lack of time to assess the situation.' (Emphasis supplied). [Cit.]" *Hall v. Chastain*, 246 Ga. 782, 785 (5) (273 SE2d 12) (1980). The evidence at trial showed that when the sudden peril arose, appellant Azran "realized I couldn't do anything; that we were going to hit." Although appellant Azran consciously attempted to steer the Ferrari into the rear of appellee's car in order to minimize the impact of the collision, there was still under the evidence no real choice of conduct open to appellant Azran *after* he realized the situation would make the doctrine of emergency applicable. The thrust of appellants' argument is not that Azran made an emergency choice when confronted by a sudden peril, but rather that he was not negligent in any particular and the collision, as to him, was due to the negligence of appellee. Under these circumstances, we are satisfied that the trial court's refusal to charge on emergency was proper. *Hall*, supra.

4. Appellants' enumeration of error regarding the jury's award of damages for loss of consortium is an issue not raised in the motion for directed verdict, at trial when the jury was instructed on loss of consortium or when the special verdict form providing for such damages was submitted to the jury, or in appellants' motion for new trial, either in the original or the amended form. Although loss of consortium was mentioned once before the trial court during the hearing on appellants' motion, there was no effort to amend the motion for new trial to assert this ground. That issue, therefore, may not be raised on appeal. *Maner v. Robinson*, 166 Ga. App. 514 (1) (304 SE2d 569) (1983).

5. Appellants contend the trial court erred by submitting the issue of future medical expenses to the jury, because there was no evidence to support an award for future medical expenses. Future medical expenses were submitted to the jury in the form of a special verdict itemizing the types of damages sought by appellees. It is uncontroverted that appellants at no time made any objection to the special verdict form submitted to the jury or to the trial court's instruction to the jury as to the form.

" 'Objections to the submission by the judge of questions to the jury for the rendition of a special verdict . . . can not be made for the first time in a motion for new trial; but as to any improperly submitted or omitted question, the attention of the judge should first have been called thereto at the time the questions were submitted. [Cits.]' [Cit.]" *Everette v. Mahaffey*, 208 Ga. 775, 776 (2) (69 SE2d 769) (1952). However, appellants' waiver of objections to the questions submitted to the jury does not, as contended by appellees, amount to a waiver of the general grounds presented by appellants on their motion for new trial. *Car-Perk Svcs. v. Carr*, 219 Ga. 322, 327 (132 SE2d

780) (1963).

Although the evidence in this case disclosed that appellee had suffered permanent injuries of some nature, we agree with appellants there was no evidence presented at trial from which the jury could ascertain other than by sheer conjecture and speculation what appellee's future medical expenses would be. The only evidence remotely touching the subject consisted of the deposition of Dr. Peter Walz, indicating that appellee "should" have an orthopedic evaluation but that he had not seen appellee since March 1982, and the deposition of Dr. Roy Bandiver, taken in May 1983, indicating the doctor "would be available to see" appellee. This case was tried before a jury in September 1985.

We therefore find there was no evidence to support the jury's verdict awarding appellees $50,000 in future medical expenses. See *Hughes v. Brown*, 109 Ga. App. 578, 579 (1) (136 SE2d 403) (1964); see also *Clayton County Bd. of Ed. v. Hooper*, 128 Ga. App. 817, 818 (1) (198 SE2d 373) (1973). However, we do not feel that the excessiveness of this part of the trial court's judgment on the verdict requires reversal nor does it require retrial of the case. Appellees may elect to voluntarily reduce the amount of the judgment they received by $50,000. "Where a definite and readily ascertainable portion of a verdict should not have been awarded to the plaintiff, a court can as a matter of law condition the denial of a new trial on a remittitur of that portion of the judgment by the plaintiff. [Cit.]" *Woodbury v. Whitmire*, 246 Ga. 349, 350 (2) (271 SE2d 491) (1980). We therefore affirm the judgment of the trial court on the condition that appellees write off $50,000 of their verdict and judgment; otherwise reversed.

6. We have carefully considered appellants' arguments on the remaining enumerations of error and find them to be without merit.

*Judgment affirmed in part on condition. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED FEBRUARY 4, 1987 —
REHEARING DENIED FEBRUARY 18, 1987 — ▋

*John C. Parker, Charles M. Dalziel, Jr.*, for appellants.
*Michael J. Gorby*, for appellees.