THE CENTRAL RAILROAD AND BANKING CO. *v.* MURRAY.

1. Where growing timber, much of it young and immature, is destroyed by fire as a consequence of a negligent tort, and there is no depreciation in the market value of the land by reason of the destruction of the timber, the measure of damages is the value of the timber destroyed in its then state as attached to the land on which it grew, which value is to be ascertained by evidence as to what the owner of the premises could, under all the circumstances, have realized from the timber destroyed, by appropriating it to use himself, to the extent of any demand for it made by his own wants at and about the time of the fire, and by selling it to others to the extent of any demand for it which then existed; the value to be reckoned at the worth of the timber as it stood upon the land when it was destroyed, not computing anything additional thereto for the increase which would have resulted from severing it from the realty, removing it to the place of use or sale, and putting it in condition to be used or sold.

2. Timber injured by the fire but not destroyed, is to be dealt with on the same basis, to the extent of the difference between its value as it was before the fire and as the fire left it.

3. For leaves and trash which the fire consumed, there could be a recovery to the extent that the owner could have used or disposed of the same in supplying any demand then existing or near at

hand, the measure being the value of the raw material as it lay on the ground, not including in the quantity to be paid for any of the material which could not have been used or sold to supply the demand then existing or which arose soon thereafter. For material which, had it not been destroyed, would have been mere waste in the woods, there can be no recovery.

4. For fencing injured or destroyed, the recovery should be measured by the cost of restoring it and making its condition as good as that in which it was when injured or destroyed.

5. The declaration was sufficient, and there was no error in overruling the demurrer thereto.                                         *Judgment reversed.*

January 8, 1894.

Action for damages.   Before Judge MILLER.   Bibb superior court.   October term, 1892.

Murray sued the railroad company for damages sustained by the setting out of fire from its locomotives. He obtained a verdict, and a new trial was granted, which judgment was affirmed.  90 *Ga.* 83.  At the second trial the jury found for the plaintiff $700.  A new trial was denied, and the defendant excepted to this ruling, and to the overruling of a demurrer.

The declaration alleges that about March, 1890, the defendant, by negligent running of its train and throwing out and emitting sparks, set on fire the stubble land adjacent to plaintiff's woodland, which fire spread and destroyed much of the growing timber on the woodland and damaged other timber to the value of $1,500, burnt up and destroyed the fencing on his pasture land to the value of $500, whereby he was deprived of the use of the pasture of the value of $250, and burnt and destroyed the leaves and litter upon said lands, to his damage $250.   In another count it is alleged that the defendant so negligently kept its road that it allowed stubble and other litter, easily ignited, to remain on its right of way, and negligently allowed said litter to be set on fire, which spread from the right of way upon adjoining lands and was thereby communicated to plaintiff's land where it burnt and destroyed the timber,

v 93 17

fencing, pasture and leaves and litter, in the manner and to the extent above stated. The special grounds of demurrer were, in brief, that the allegations as to damage done the land were too general, vague and indefinite to authorize a recovery; that there was no specification as to the number of trees burned or damaged, or their respective values, and no specification of the quantity or value of the leaves and litter, so as to enable the defendant to take issue as to these alleged injuries; it being contended that if it were not shown that the land was depreciated in value by the burning, then there was no damage.

The motion for new trial alleges that the court erred in allowing witnesses for the plaintiff to testify that the damage done to him by the burning of the trees was $2 per acre, and $3 per acre, defendant objecting on the ground that the actual damage could not be estimated in this way; that the testimony was too general and indefinite, and was mere opinion without such knowledge as would authorize the jury to act upon it. Also, that the court erred in allowing testimony going to show the damage to the plaintiff instead of showing the damage to the land, judging from its value immediately before and after the injury, defendant insisting that this was the true measure of damage, and not the particular special value of the trees as they were growing on the land, or the leaves and the trash as they lay on the ground. Also, that the court erred in charging the jury that in determining the amount of damage sustained by plaintiff they should look to the quantity and value of the timber, trees growing on the land considered as trees, and timber, without regard to the effect upon the value of the land at the time. And, that the court erred in refusing to charge: "The true test of the damage done to the trees and timber on the land of the plaintiff, leaves, grass and litter on the land (not including rails in the

fence), is the difference in the value of the land just before the fire and its value just after the fire; and if the value of the land was not diminished by reason of the injury to the trees, timber, leaves, grass and litter by the fire, then the plaintiff is not entitled to recover anything on account of the injury by the fire."

STEED & WIMBERLY and JOHN R. COOPER, for plaintiff in error. HARDEMAN, DAVIS & TURNER, *contra*.