38688.   MERCER v. J. & M. TRANSPORTATION CO., INC.

142

DECIDED FEBRUARY 9, 1961.

R. R. Jones, for plaintiff in error.

Smith & Undercofler, Hiram K. Undercofler, contra.

FELTON, Chief Judge. ■ Assuming for the sake of argument that the court erred in not dismissing the defendant's answer, which we do not consider or decide, no harm is shown since only the question of ascertaining the damages which were unliquidated at the time of trial was submitted to and decided by the jury, and the defendant had a right to introduce evidence on this question and to move for a new trial and to except as

in other cases. *Ben Hyman & Co. v. Solow,* 101 Ga. App. 249 (113 S. E. 2d 489).

■ The special ground of the amended motion for a new trial complains that the court erred in refusing to give in charge a proper request that the measure of damages would be whatever amount it would take to put the house in the condition it was in before the damage. This part of the ground is without merit. "Damages are given as compensation for the injury done. . ." *Code* § 105-2001. "As a general rule the measure of damages in actions for injuries to real property is the difference in value before and after the injury to the premises." *Georgia R. & Bkg. Co. v. Flynt,* 93 Ga. App. 514, 524 (92 S. E. 2d 330). The only exception is when there is a more definite, equitable and accurate way by which the damage may be determined. Regardless of the effect of the plaintiff's pleading two measures of damage, the cost of restoration to the same condition as before the injury and the difference between the market value before the damage and after, the circumstances of this case and the reason, law and logic applicable, required that the court charge, as he did, that the measure of damage was the difference between the market value of the house before and after the damage. It is doubtful whether the assignment should be considered for the reason that the request that replacement cost be charged would have resulted in a duplicitous and conflicting charge. There is no exception to the charge actually given. Pretermitting this question we think that the replacement method should not be applied in a case like this. There are several reasons for this conclusion. The rationale of damages, as in this case, is to compensate the plaintiff and not to unreasonably burden the defendant beyond the point of compensating the plaintiff. The house destroyed was an old house. It could not be repaired. It had to be completely restored. Half of the life of the roof was gone. It was a house 25 or 30 years old. Originally it did not have plumbing or wiring. There were originally no subfloors, bath rooms, no modern heating or other features. To restore such a house to the condition it was in just before being damaged would be an absurd undertaking. The house rented, at most, for $50 per month. It is not reasonable to believe that it would rent for much more, if any, after being restored to its former

condition. To require the defendant to replace the house at a cost of up to $17,000, the top figure in the evidence, when it would not be worth much more than half of such sum to the plaintiff, to our minds would be ridiculous. The evidence authorized the verdict rendered. The basis on which the verdict was rendered under the facts was the only reasonable basis upon which the amount of damages could be found. The court did not err in not charging as requested in the first part of the request.

■ The second part of the assignment of error in special ground 1 is without merit. The second part of the request is that the court charge that "in a suit for damages that interest is not recoverable but that the jury may consider the length of time damages had been withheld, the character of the tort, the conduct of the defendant, and all circumstances of the transaction, and may in their discretion increase the amount of damages accordingly." This request was a part and parcel of the one request made and since the first part of the request was defective the court did not err in refusing the entire single request. *Clarke County School Dist. v. Madden,* 99 Ga. App. 670 (5) (110 S. E. 2d 47).

The court did not err in overruling the motions to dismiss the answer and did not err in overruling the motion for a new trial.

*Judgments affirmed. Nichols and Bell, JJ., concur.*