## 75692. JACK V. HEARD CONTRACTORS, INC. v. MORIARITY et al.
### (363 SE2d 822)

DEEN, Presiding Judge.

The appellant, Jack V. Heard Contractors, Inc. (Heard), and the appellees, Patrick Moriarity and Edwin Davis, contracted for the construction of an addition to the appellees' place of business. Heard subsequently commenced this action against the appellees to recover $41,070.60 allegedly still owed under that contract. The appellees counterclaimed, alleging that the construction was defective, and seeking damages for the costs of the necessary remedial work. Upon trial of the case, the jury awarded the appellees $20,000 in damages, and Heard appeals. *Held*:

1. Heard constructed a two-level addition to the appellees' building. The concrete floor on the upper level quickly cracked and deteriorated, rendering part of the floor incapable of bearing any significant load. Moriarity was allowed to testify that because the appellees had intended to store heavy rolls of material on racks that were 16 feet high, necessitating use of a forklift, the condition of the floor frustrated their use of much of the additional space. Heard contends that this testimony should have been excluded because (1) the question of use of the building required an expert opinion, and (2) Moriarity's opinion (that much of the additional space could not be used for the purpose the addition was built in the first place) went to the ultimate issue of fact, thus invading the province of the jury. We disagree.

Heard's objection calls to mind Justice Lumpkin's venerable reflection that "we are too hide-bound and restricted in our practice, with regard to the admissibility of evidence. The books of *Reports*

will show that there is no State in the Union, and no country in the world, where there are as many captious objections made to testimony. It is high time that the practice should be discouraged . . . Nothing tends more to embarrass a trial, civil or criminal, than the frequent and frivolous objections that are so commonly and so capriciously made to the introduction of the proof." *Franklin v. Macon,* 12 Ga. 257, 261 (1852). In 1907 Judge Powell renewed that objection to captious objections. *Mimbs v. State,* 2 Ga. App. 387, 388 (59 SE 1126) (1907). Eighty years later, we may still quote Lumpkin's critique with approval.

2. The appellees paid Heard approximately $245,000 for the addition to their building, and Heard claimed that they owed $41,070.60 more. The appellees produced evidence that the costs of repairing the defects, which included replacing the entire upper level concrete floor, securing the floor supports, and building a new retaining wall, exceeded $140,000. With regard to the appellees' counterclaim, the trial court instructed the jury that the measure of damages was the cost of repairs. Heard contends that the proper measure of damages was the difference in value of the addition as constructed and the value of the addition as it ought to have been constructed under the contract, and that since no evidence of the difference in value was adduced, the trial court should have directed a verdict for Heard on the counterclaim.

The measure of damages for defective construction of a building is usually stated as the difference in value of the structure as built and the value of the structure as it should have been built, but such value is usually proved by showing the reasonable costs of repair of the defects. *Ray v. Strawsma,* 183 Ga. App. 622 (359 SE2d 376) (1987); *Hutto v. Shedd,* 181 Ga. App. 654 (353 SE2d 596) (1987). If, for all practical purposes, the defect may not be repaired, difference in value will have to be established by proof other than costs of repairs. *Ray v. Strawsma,* supra. However, where the cost of repairs is the appropriate proof of the difference in value, as in the instant case, the two terms are practically interchangeable. The appellees, therefore, did produce appropriate and sufficient evidence of difference in value to take the issue to the jury.

3. Approximately four months before the trial, Heard amended its complaint to seek the commercial rate of interest (18 percent per year) on the liquidated claim of $41,070.60, pursuant to OCGA § 7-4-16. "It is the law of this State that a recovery of pre-judgment interest pursuant to OCGA § 7-4-16 requires a pre-trial invocation of the applicability of that provision." *Gold Kist Peanuts v. Alberson,* 178 Ga. App. 253, 256 (342 SE2d 694) (1986). Pre-trial pleading is an adequate means of invoking OCGA § 7-4-16, and the trial court, which concluded otherwise, thus erred in instructing the jury that it could

award Heard annual interest of only seven percent. See *Belvin v. Houston Fertilizer &c. Co.*, 169 Ga. App. 100 (1) (311 SE2d 526) (1983). Because the jury could have reached its award of $20,000 for the appellees by applying a set-off, retrial is necessary.

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED DECEMBER 1, 1987 —
REHEARING DENIED DECEMBER 15, 1987.

*Hill R. Jordan*, for appellant.
*J. Alexander Porter, Glenn A. Delk*, for appellees.