76083. IDEAL POOL CORPORATION v. HIPP et al.
(370 SE2d 32)

CARLEY, Judge.

Appellant-defendant contractor contracted with appellee-plaintiff homeowners to build a swimming pool on their property. The contract price was $14,500. The pool was to be constructed in accordance

with specifications contained in the contract and its accompanying drawings. It is undisputed that the basic design of the pool was originally provided to appellant by appellees and that the design was then mutually modified by appellant and appellees. It is also uncontested that the design of the pool, as it was finally modified, was incorporated into a sketch which was signed by the parties prior to the finalization of the contract. The pool was constructed in substantial accordance with the specifications and it was not only usable but was also actually used by appellees. However, appellant refused to install a diving board, notwithstanding that the installation of such an item was a specification of the contract. Appellant based its refusal on reasons of safety. Due to the unique design of the swimming pool, the installation of the diving board would be in violation of the safety standards established by the National Swimming Pool Institute.

Appellees brought suit against appellant for breach of contract. The case was tried before a jury. Although at trial appellees offered evidence of other defects in the construction of the pool, it was the absence of the diving board that represented appellees' primary objection to appellant's contractual performance. The jury returned a $17,255 verdict in favor of appellees. Appellant appeals from the judgment that was entered on the verdict and from the denial of its motion for new trial.

1. Appellant enumerates as error the trial court's failure to grant its motion for new trial based upon the insufficiency of the evidence to support the jury's award of $17,255 as recoverable damages for the breach of the $14,500 contract to construct the swimming pool.

At trial, appellees presented evidence that there were remediable defects in the construction of the swimming pool, other than the absence of a diving board, which defects had been or could be repaired for approximately $2,000. This evidence was relevant and probative as to appellees' damages attributable to appellant's breach of contract. "Where the defects in the [swimming pool] as constructed may be remedied at a reasonable expense, it would be proper, we think, to deduct from the contract price the sum which it would cost to complete it according to the requirements of the plans and specifications. [Cit.]" *Small v. Lee & Bros.*, 4 Ga. App. 395, 397 (61 SE 831) (1908). See also *Ayers Enterprises v. Adams*, 131 Ga. App. 12, 17 (3) (205 SE2d 16) (1974). However, appellees also presented evidence that the absence of the diving board could be safely remedied only by a complete redesign and reconstruction of the swimming pool at a cost of some $12,000 to $15,000. This evidence was not relevant and probative as to appellees' recoverable damages for appellant's breach of contract. "If the contractor has built a structure substantially adapted to the purposes for which it was built, and of which the owner is in the use and enjoyment, but the defects of the structure

can not be made to conform strictly to the requirements of the contract, except by an expenditure which would deprive the contractor of adequate compensation for his labor and materials, justice and equity would require the adoption of another measure of damages." *Small v. Lee & Bros.*, supra. See also *Spainhour v. Nolind*, 97 Ga. App. 362, 364 (1) (103 SE2d 154) (1958).

This rule as to "another measure of damages" which is stated in *Small v. Lee & Brothers*, supra, "is correct whether the [structure] is 'substantially adapted' to its purpose and the owner is getting the benefit of it . . . or whether it is allegedly 'worthless.' It has some value, if only for scrap ([cit.]), and that value may obviously be whatever it is worth as a result of the irremediable defects. The owner should not have the benefit of that value, however low, by recovering [more than] the entire contract price; the property's value as diminished by irremediable defects should be deducted from the value of the [structure] as it should have been completed according to the contract." *Ray v. Strawsma*, 183 Ga. App. 622, 623 (359 SE2d 376) (1987). Thus in a case such as that at bar, wherein an asserted nonconformity with the contract is not reasonably remediable, "the true measure of damage, and one which would not be unjust in its application to either party, would be the difference between the value of the [improvement] as finished and the [improvement] as it ought to have been finished. To require that the [improvement] should be [redesigned and] rebuilt, and that the contractor should pay the cost of rebuilding, or that the estimated cost of making the [improvement] conform to the contract should be allowed as damage, would be to give an unconscionable advantage to the owner, and would deprive the contractor of adequate compensation for his work and materials." *Small v. Lee & Bros.*, supra at 398. Accordingly, the proper measure of damages with regard to appellant's failure to install the diving board, as a defect which was not reasonably remediable under the facts of this case, is the diminution in the value of the swimming pool as constructed when compared to its value had it been constructed in strict conformity with the contract. The uncontroverted evidence at trial was that the presence or absence of a diving board would have virtually no effect on the value of the completed swimming pool.

It is evident that the evidence as to an improper measure of damages attributable to the absence of the diving board greatly influenced the jury. The verdict returned for appellees greatly exceeded not only the contract price, but also exceeded the verdict which would have been authorized by other evidence which was relevant and probative of the damages attributable to the other defects in the swimming pool. However, the extent to which the jury was influenced by the consideration of the improper evidence as to the cost of redesigning and rebuilding the pool cannot be determined. Accordingly, this case

cannot merely be remanded with instructions to the trial court that the judgment be amended by writing off such amount as is attributable to the recovery of damages for the diving board. Instead, the entire judgment must be reversed. See *Lazenby v. Ware*, 178 Ga. 463, 464 (6) (173 SE 86) (1934); *Story v. Monteith*, 180 Ga. App. 517 (349 SE2d 760) (1986). The verdict is not authorized under the relevant and probative evidence when reviewed in accordance with the proper measure of damages in a case of this type and the trial court erred in failing to grant appellant's motion for new trial on that ground. *Gainesville Glass Co. v. Don Hammond, Inc.*, 157 Ga. App. 640 (1) (278 SE2d 182) (1981). See also *Accent Walls v. Parker*, 162 Ga. App. 633 (1) (292 SE2d 509) (1982); *Crawford & Assoc. v. Groves-Keen*, 127 Ga. App. 646, 649 (1) (194 SE2d 499) (1972). Compare *Piedmont Bldrs. v. Fullerton*, 157 Ga. App. 126 (1) (276 SE2d 277) (1981).

2. Remaining enumerations of error are not likely to recur at the retrial of this case and, therefore, they need not be addressed.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 27, 1988.

*Duane B. Jackson*, for appellant.
*Ronald F. Chalker*, for appellees.