A91A1388. AMERICAN PEST CONTROL, INC. v. PRITCHETT
et al.
(412 SE2d 590)

POPE, Judge.

Appellees/plaintiffs John W. Pritchett, Jr. and Carolyn C. Pritchett filed suit against the appellant/defendant American Pest Control, Inc., alleging that a wood infestation report prepared by defendant for the house that the plaintiffs purchased failed to reveal a prior infestation of wood destroying organisms, and that the plaintiffs based their decision to purchase the house in part on the erroneous report. The testimony at trial revealed that the subject house was infested with termites and beetles in 1978. At that time, the previous owner, Annie Bray, contracted with defendant to treat the house for those infestation problems.

In 1988, the plaintiffs contracted with Bray to purchase the house for $35,000. It is unknown whether the purchase price represented fair market value at the time of purchase because no attempt was made to ascertain the fair market value. The evidence showed that the plaintiffs had a personal relationship with Bray, and that Bray desired to sell her house to them and they desired to buy it.

Bray obtained the wood infestation report needed for the closing from defendant. The evidence shows that the report contained contradictory information. In the findings section of the report, it stated that there had been no previous infestation of wood destroying organisms. In the treatment section of the report, however, it stated that the house was treated for subterranean termites, powder post beetles and wood boring beetles in January 1978. There was also a graph attached to the wood infestation report illustrating the location of the previous damage. John Pritchett testified that when the report was presented to him at the closing to sign, the closing attorney commented that it was "good" for an approximately 90-year-old house not to have any previous termite damage. He testified that he did not review the report fully before signing because he was satisfied, after looking at the section of the report referred to by the closing attorney, that there was no problem with termites.

One month later, the plaintiffs began remodeling the house. Dur-

ing the remodeling they discovered extensive structural and other damage caused by infestations of wood destroying organisms. The only building contractor who testified at trial estimated that it would cost close to $97,000 to repair the damage caused by termites in the house.

At the close of plaintiffs' case, defendant moved for a directed verdict on general and punitive damages. The trial court denied that motion. The jury returned a verdict in favor of plaintiffs in the amount of $91,721, but found that plaintiffs were not entitled to punitive damages. Defendant appeals from the judgment entered on that verdict.

1. Defendant contends that the trial court erred by denying its motion for directed verdict as to general damages. Defendant argues that there was no evidence that the termite damage of which plaintiffs complain was present at the time of its inspection. We have consistently held that "discovery of termite damage without proof it had been present at the time of an earlier inspection [does] not give rise to an action for negligent inspection." *Tabor v. Orkin Exterminating Co.*, 183 Ga. App. 807, 809 (360 SE2d 34) (1987); *Butler v. Terminix Intl.*, 175 Ga. App. 816 (334 SE2d 865) (1985). In this case, however, plaintiff's expert testified that the damage was present at the time of inspection because the damage had been present for at least five years. Because there was evidence that the damage was present at the time of inspection, the trial court correctly found that whether the defendant negligently inspected the house presented a question for the jury. Accordingly, the trial court did not err in denying defendant's motion for directed verdict.

2. Defendant further contends that the trial court erroneously charged the jury as to the law of damages in this case because the trial court refused to allow the jury to decide whether to make repairs was an absurd undertaking. "There are three measures of damage applicable to injury to improved realty. The general rule is that the cost of restoration to the condition immediately prior to injury is the measure of damages. The exception to this general rule is that when the cost of restoration is unreasonable in light of its pre-injury market value, the diminution in market value of the land and improvements is the measure of damages. The exception to the exception is that if the improved realty has historical or other intrinsic worth to the owner which is not reflected in the fair market value of the improved realty, the measure of damages is the cost of repair, even though this may result in a recovery which far exceeds the fair market value of the improved realty prior to injury." Cobb & Eldridge, Ga. Law of Damages, § 33-2 (3d ed. 1989); see *Georgia-Carolina Brick &c. Co. v. Brown*, 153 Ga. App. 747 (4) (266 SE2d 531) (1980); *Buhl v. Sandy Springs Med. Ctr.*, 147 Ga. App. 176 (1) (248 SE2d 238) (1978);

*NEDA Constr. Co. v. Jenkins*, 137 Ga. App. 344 (4) (223 SE2d 732) (1976); *Mercer v. J. & M. Transp. Co.*, 103 Ga. App. 141 (2) (118 SE2d 716) (1961). Unlike our decisions in *Buhl*, supra, and *Mercer*, supra, under the facts of this case more than one measure of damages for injury to improved realty may be appropriate. Whether repairing the plaintiffs' house was an absurd undertaking and whether the house had intrinsic value to the plaintiffs are both questions of fact that should have properly been submitted to the sound discretion of the jury. *NEDA Constr. Co.*, supra at 350. The jury also should have been instructed about the different measures of damage for injury to improved realty in order that they could apply the appropriate measure based upon their factual findings. For this reason, we remand this case to the trial court for a new trial.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 14, 1991.

*Goldner, Sommers, Scrudder & Bass, Stephen L. Goldner, Carroll G. Jester, Jr.*, for appellant.

*McKee & Barge, Patrick W. McKee, Christopher J. Ramig*, for appellees.