A02A0595. SONG et al. v. BROWN.
(565 SE2d 884)

ELDRIDGE, Judge.

Appellee-defendant Bobby Brown d/b/a Bilt-Rite Construction failed to timely answer appellants-plaintiffs See Song and Meng Cha's complaint for breach of a homebuilding contract, conversion, and fraud. The case entered default, and the state court set the matter down for a hearing on damages. Upon the call of the case for trial, Brown first appeared during the presentation of appellants' evidence, explaining that he had gone to the wrong courthouse out of confusion as to where he was to report for trial. Although the state court continued its damages hearing to the end of its trial calendar,

---

[5] *Bowman v. Walnut Mountain &c. Assn.*, 251 Ga. App. 91, 93 (1) (a) (553 SE2d 389) (2001).

Brown failed to appear when the case was recalled for hearing. Upon ascertaining that Brown was no longer in the courthouse, the state court entered default judgment for the appellants, awarding them damages for repairs to a chimney in the amount of $5,600; damages for waterproofing repairs to the basement totaling $7,542; damages for repairs made to the roof in the amount of $3,501.37; "no" damages for alleged damages to appellants' windows; and damages for the materialman's lien placed on appellants' property in the amount of $3,988.07. The state court last awarded the appellants attorney fees in the amount of $1,900. The appellants appeal, contending that the state court erred in denying them damages for the cost of necessary repairs to their roof and windows. Finding no reversible error, we affirm.

"The general rule for the measure of damages involving real property is the diminution of the fair market value of the property and/or the cost of repair or restoration, but limited by the fair market value at the time of the breach or tort." (Footnote omitted.) *Ryland Group v. Daley*, 245 Ga. App. 496, 502 (7) (537 SE2d 732) (2000). Where there exists defects as to real property which are not reasonably repairable, the diminution in market value of the property is allowable as the measure of damages. Id.; *Ray v. Strawsma*, 183 Ga. App. 622, 624 (1) (359 SE2d 376) (1987). However, whether such damages are proven on the basis of the "cost of repair" or "cost of repair plus diminution in value," "the fair market value of the improved realty at the time of [the] breach must be proven, because the plaintiff is entitled only to the benefit of the bargain or to be made whole and not to recover a windfall." *Ryland Group v. Daley*, supra at 502-503 (7). Moreover, while exact figures need not be submitted, proof of special damages must be sufficient to enable the jury or the trial judge at a bench trial as the trier of fact as well as the law to reasonably estimate their amount without resort to guesswork. *Nat. Refrigerator &c. Co. v. Parmalee*, 9 Ga. App. 725, 726-727 (1) (72 SE 191) (1911).

While the appellants argue that the state court's damages awards for necessary repairs to their roof and windows were too little and contrary to uncontradicted evidence of record supporting the damages they sought, $3,501.37 versus $8,020 and $0 versus $17,026, respectively, we find no evidence of record to this effect. In particular, there was no evidence showing the fair market value of the house. The appellants' evidence establishing the contract price of the house was not probative of more than the value of the house at the time the building contract was executed by the parties. *Ryland Group v. Daley*, supra at 503 (7); *Hortman v. Cantrell*, 173 Ga. App. 429, 430 (326 SE2d 779) (1985).

Further, although the appellants showed out-of-pocket expenses of $3,501.37 paid to Precision Construction for roof repairs, these costs, awarded despite the failure of the appellants to establish fair market value at the time of the breach, went to repair only one-third of the roof. Appellants' evidence as to roof repairs otherwise established that the estimated cost of roof replacement was $8,020 and that numerous shingles were bulging on the appellants' roof. The appellants' expert witness, a home inspector, opined that the bulges he noted were due to a problem of "some sort" with the roof decking. This did not establish a defect that constituted a breach of contract. His testimony, however, was not specific as to the nature of the problem because his inspection had not included shingle removal. Neither did the home inspector's testimony reach the question of whether all or a part of the roof was affected and did not address the question of whether the defects noted were attributable to Brown's work or to the roof repairs later performed by Precision Construction.

The appellants' damages evidence was no more specific as to their windows. Appellants established that all their windows had been spattered by mortar as the house was built; that they had been unable to scrape the mortar off the windows without scratching them; that the windows "[were] vinyl"; and that the windows could be replaced for an estimated $17,026. However, there was no evidence showing that window replacement was required, i.e., evidence showing that the mortar in issue could not be removed by persons skilled in doing so in an economically feasible manner without damaging the windows.

It was appellants' burden to prove their damages in a manner sufficient to allow the state court to estimate them with reasonable certainty free from "speculation, conjecture and guesswork." *Ryland Group v. Daley*, supra at 504 (7). This they failed to do as to the complained-of damages awards. The state court's damages awards for roof and window repairs were correct absent proper proof. Accordingly, we affirm. *Cannon Air Transport Svcs. v. Stevens Aviation*, 249 Ga. App. 514, 516 (2) (548 SE2d 485) (2001) ("The appellate standard of review for bench trials of material facts is the 'clearly erroneous' test, also known in civil cases as the 'any evidence' rule.") (footnote omitted).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MAY 29, 2002.

*Strickland, Chesnutt & Lindsay, James M. Green*, for appellants. Bobby Brown, *pro se.*