A05A0957. RAFFERZEDER v. ZELLNER et al.
(613 SE2d 229)

BLACKBURN, Presiding Judge.

Following a bench trial in this case involving the breach of a home improvement contract, the contractor (Jerry Rafferzeder) appeals the judgment entered against him and in favor of the homeowners (Mannon and Janice Zellner) — which awarded the homeowners the full amount of their costs to repair the defects in the construction — on the ground that the court failed to offset the award by the amount of money the homeowners saved by not paying him the

---

[6] OCGA § 24-3-16.
[7] See *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991).
[8] Id. at 241 (3) (c).

full price of the contract. We agree, vacate the judgment, and remand the case to have the award reduced by the amount remaining unpaid under the contract.

Construed in favor of the trial court's judgment, the evidence showed that the homeowners contracted to pay the contractor $59,489.88 to construct an addition to their home. Dissatisfied with the contractor's performance, the homeowners made partial payments to the contractor amounting in the aggregate to only $42,182.25. The contractor sued the homeowners for the $17,307.63 unpaid balance. The homeowners counterclaimed, alleging defective construction and seeking to recover their costs to repair the defects. At the ensuing bench trial, they introduced testimony that the total cost to repair the defective construction was $26,406.25.

The court found that the contractor had not substantially performed the contract; therefore, the court entered judgment in favor of the homeowners on the contractor's claim to recover the unpaid balance. Because of the contractor's breach, the court ruled in favor of the homeowners on their counterclaim, awarding them the entire $26,406.25 amount needed to repair the contractor's defective work. The contractor moved for a new trial, arguing that the court should have reduced the award by the $17,307.63 unpaid under the contract. The contractor further argued that the evidence showed that the $26,406.25 amount included work to be done beyond that contemplated by the contract. The court denied the motion for new trial, and the contractor appeals.

1. The contractor contends that the court should have granted his motion for new trial because the evidence showed that the $26,406.25 amount included work to be done beyond that contemplated by the contract. Specifically, the contractor complains that the lion's share of this estimated amount ($18,500) was to replace the HVAC system not only in the new addition to the house but also in the old portion of the house.

"[T]he grant or denial of a motion for new trial is a matter within the sound discretion of the trial court and will not be disturbed if there is any evidence to authorize it." (Punctuation omitted.) *Professional Consulting Svcs. of Ga. v. Ibrahim.*[1] "Questions of value are peculiarly for the determination of the [factfinder], where there is any data in the evidence upon which the [factfinder] may legitimately exercise [its] own knowledge and ideas." (Punctuation omitted.) *Morrison Homes of Fla. v. Wade.*[2] Evidence of an estimate of repair

---

[1] *Professional Consulting Svcs. of Ga. v. Ibrahim*, 206 Ga. App. 663, 665 (1) (426 SE2d 376) (1992).

[2] *Morrison Homes of Fla. v. Wade*, 266 Ga. App. 598, 600 (1) (598 SE2d 358) (2004).

costs provides a basis for the factfinder to calculate damages. Id.

Here, the homeowners presented evidence from another contractor, who estimated the costs of repairing the defects in the construction as $26,406.25. He testified that of this amount, the $18,500 projected to replace the undersized HVAC system installed by the plaintiff contractor here was rather high because a new contractor would have to replace the unit and redo the related ductwork under circumstances where the drywall and ceilings had already been installed, which increased costs. Contrary to the plaintiff contractor's attenuated argument, the witness testified that this $18,500 portion of the estimate was designed to provide the homeowners with only that which was promised by the contract, without reference to improving the old portion of the house. Accordingly, as some evidence supported the trial court's finding that the cost to repair the defects was $26,406.25, the trial court did not abuse its discretion in denying the plaintiff contractor's motion for new trial on this ground.

2. The contractor also challenges the award on the ground that the court failed to reduce the award by the amount of money the homeowners saved by not paying him the full price of the contract. With this contention we agree.

> [T]he true measure of damages for breach of a construction contract or negligent construction is the difference between the value of the work as actually done and the value which it would have had if it had been done properly under the contract. . . . [T]his difference in value can be shown by evidence of the reasonable cost of correcting the defect.

(Punctuation omitted.) *Magnus Homes, LLC v. DeRosa*.[3]

*Stowers v. Hall*[4] explains further that "the measure of damages to the owner is the reasonable cost of completion, represented by the difference between the contract price and the reasonable and necessary cost to the owner to have the work done in accordance with the terms of the original contract." See *Palmer v. Howse*.[5] Here, the contract price was $59,489.88, and the cost to the homeowners to have the work done in accordance with the terms of the original contract was the $42,182.25 already paid to the contractor plus the $26,406.25 needed to bring the work into compliance with the contract (a total of $68,588.50). The difference between the $68,588.50

---

[3] *Magnus Homes, LLC v. DeRosa*, 248 Ga. App. 31, 32 (1) (545 SE2d 166) (2001).

[4] *Stowers v. Hall*, 159 Ga. App. 501, 502 (2) (283 SE2d 714) (1981).

[5] *Palmer v. Howse*, 133 Ga. App. 619 (1) (212 SE2d 2) (1974).

the homeowners were actually going to pay to receive the improvements they contracted for and the $59,489.88 contract price was $9,098.62 — which should have been the damage award rendered in favor of the homeowners.

However, the court awarded the homeowners $26,406.25, which was the entire cost of repairing and completing the construction project. The court failed to reduce the award by the amount the homeowners had saved by not paying the contractor the full amount of the contract price. Thus, the homeowners would be receiving the bargained-for $59,489.88 improvement to their house in exchange for paying out-of-pocket only $42,182.25, resulting in a windfall to them of $17,307.63. Such a result is forbidden. See *Magnus Homes, LLC*, supra at 32 (1) ("[t]he amount of reasonable costs to repair is circumscribed by the fair market value of the property and the contract price, *because the owner cannot be placed in a better position than if the contract had not been breached*") (emphasis supplied); *Ryland Group v. Daley*[6] ("the [homeowner] is entitled only to the benefit of the bargain or to be made whole and not to recover a windfall"). Cf. *Hortman v. Cantrell*[7] ("if we applied the evidence as suggested by the [homeowners], they would obtain a $62,000-$67,000 home for an out-of-pocket expense of $47,000-$55,000").

As stated in an ALR annotation, "the measure of an owner's damages for a construction contractor's breach is the cost of completing the contract or correcting the defective work, *minus the unpaid part of the contract price*."[8] (Emphasis supplied.) The failure to account for the money the homeowners saved by not paying the contractor the full contract price rendered the award excessive. The homeowners' argument that such an offset is only available where the contractor has carried his burden of showing he substantially completed the contract confuses the contractor's right to recover on his claim, which is only available when he shows substantial compliance (see *Allied Enterprises v. Brooks*[9]), with the homeowners' right to recover on their counterclaim, which entitles them to only those damages necessary to make them whole, without a windfall. We therefore vacate the judgment and remand the case to the trial court to reduce the award by $17,307.63, which will result in a judgment against the contractor of $9,098.62.

[6] *Ryland Group v. Daley*, 245 Ga. App. 496, 502-503 (7) (537 SE2d 732) (2000).

[7] *Hortman v. Cantrell*, 173 Ga. App. 429, 431 (1) (326 SE2d 779) (1985) (physical precedent only).

[8] John B. Ludington, Annotation, "Modern Status of Rule as to Whether Cost of Correction or Difference in Value of Structures is Proper Measure of Damages for Breach of Construction Contract," 41 ALR4th 131, § 15 (1985).

[9] *Allied Enterprises v. Brooks*, 93 Ga. App. 832, 834 (4) (93 SE2d 392) (1956).

*Judgment vacated and case remanded with direction. Miller and Bernes, JJ., concur.*

DECIDED APRIL 12, 2005.

*Bullard, Garcia & Wangerin, Daniel Bullard IV, Kevin A. Wangerin,* for appellant.

*Adams, Hemingway & Wilson, John P. Fox, F. Bradford Wilson, Jr.,* for appellees.