A07A0045, A07A0046. KENNEDY v. JOHN THURMOND AND ASSOCIATES, INC.; and vice versa.
(649 SE2d 762)

JOHNSON, Presiding Judge.

On May 14, 2002, David and Ann Kennedy's house in Gainesville was damaged by fire. The Kennedys reported the loss to Travelers Indemnity Company of Illinois, which had issued a policy insuring the house. Travelers requested that a construction company, John Thurmond and Associates, provide an estimate for the cost of repairs to the dwelling. John Thurmond prepared a detailed report, estimating the total cost of repairs to be $311,156. The Kennedys then

---

[9] *McDonogh v. O'Connor*, 260 Ga. 849, 850 (400 SE2d 310) (1991).
[10] *Thornton v. Intveldt*, 272 Ga. App. 906, 907 (614 SE2d 175) (2005).

contracted with John Thurmond to make the house repairs for the estimated cost of $311,156. John Thurmond began making repairs in June 2002, and the Kennedys moved back into the house in December 2002.

David Kennedy subsequently sued John Thurmond and Travelers, alleging breach of contract, breach of warranty and negligent construction. John Thurmond counterclaimed that it is still owed money for change orders requested by Kennedy. The case proceeded to a jury trial at which Kennedy introduced evidence, including testimony from an expert in the field of engineering, that there were faulty repairs to the siding, the porch roof, and the floors, which are not level throughout the house.

Kennedy also presented testimony from an expert in the field of construction as to the costs of repairing the allegedly faulty work. The construction expert testified that the cost to repair the siding on the house would be $26,730. He testified that the cost to repair the porch roof would be $14,760. As for the uneven floors, the construction expert initially told Kennedy that it could cost as much as $75,000 to $100,000 to fix them because there appeared to be sagging in the floor joists that would require getting underneath them and shimming them back up to the same level.

Thereafter, Kennedy asked the construction expert to give him a quote on the cost of actually replacing all the floor joists because the engineering expert had indicated that they might not all be the same size. The construction expert testified that such an undertaking would involve removing the roof, the walls and the flooring, and would cost $575,350. He further testified that there are less expensive ways to get the floor level.

Kennedy also obtained an estimate from a flooring company as to the cost of replacing the floors. The flooring estimator testified that the cost of replacing the hardwood floors in the Kennedy house would be $50,862. He further testified that it would cost $5,054 to redo the kitchen floor and that the cost of putting new flooring in bathrooms and closets would be $3,876.

At the close of all the evidence, the trial court granted a directed verdict to John Thurmond and Travelers on the ground that Kennedy had failed to prove damages because he had not presented any evidence of the fair market value of his house after the allegedly faulty repairs. The court also granted a directed verdict to Kennedy on John Thurmond's counterclaim for the unpaid change orders because at the conclusion of the parties' transaction, John Thurmond executed a release of all claims it might have against Kennedy.

Kennedy appeals from the directed verdict granted in favor of John Thurmond,[1] and John Thurmond cross-appeals.

*Case No. A07A0045*

1. Kennedy asserts that the trial court erred in directing a verdict in favor of John Thurmond based on the finding that he had not proved damages. We agree.

> The appellate review of directed verdicts is based upon the "any evidence" rule to support the case of the nonmoving party; when there is "any evidence," a directed verdict must be reversed. The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict.[2]

In the instant case, contrary to the finding of the trial court, Kennedy did present some evidence of damages. The critical flaw in the trial court's ruling is its premise that Kennedy was obligated to prove the fair market value of his house after the allegedly defective construction repairs by John Thurmond. Fair market value of the house, however, is not necessary to measure damages in a breach of contract and negligent construction case such as this one. Rather, "in a suit for breach of contract to construct, the proper measure of damages is the cost to the plaintiff to correct the defects in workmanship."[3]

> [W]here the action is for breach of contract only, the difference between the value of the house as finished and the value of the house as it should have been finished, i.e., the benefit of the bargain, is a proper measure of damages, but it is by no means the exclusive measure. Indeed, generally, the proper measure of damages for defective workmanship

---

[1] Kennedy has not appealed from and does not challenge the directed verdict granted in favor of Travelers. He has not alleged any error as to the directed verdict granted to Travelers and instead expressly states in his brief that Travelers is not a party to this appeal. Accordingly, any argument as to Travelers is deemed waived and this appeal addresses only the directed verdict granted to John Thurmond.

[2] (Citation omitted.) *Teklewold v. Taylor*, 271 Ga. App. 664, 665 (610 SE2d 617) (2005).

[3] *Robert E. Canty Bldg. Contractors v. Garrett Machine & Constr.*, 270 Ga. App. 871, 873 (1) (608 SE2d 280) (2004).

would be the cost of repair of the defect when claiming negligent construction, as well as when claiming breach of contract.[4]

At trial, Kennedy presented evidence, including expert testimony, of the cost to repair the alleged defects in workmanship as to the siding, porch roof and flooring. Because there is evidence of Kennedy's cost to repair the alleged defects, the trial court erred in directing a verdict against him and in favor of John Thurmond on the basis that Kennedy failed to prove damages.[5] Accordingly, the trial court's erroneous order directing a verdict in favor of John Thurmond must be reversed.

*Case No. A07A0046*

2. John Thurmond contends the trial court erred in granting a directed verdict in favor of Kennedy on its counterclaim for unpaid change orders. The contention is without merit.

The evidence at trial established that any change order had to be prepared and signed prior to additional work, that without such a signed order Kennedy is not obligated to pay, and that there was no such signed change order. Moreover, as the trial court noted, after Kennedy made his final payment of $42,110, John Thurmond signed a waiver acknowledging receipt of the final sum and expressly waiving and releasing any liens on the property. Because the evidence conclusively demonstrates that John Thurmond has no basis for recovering money for allegedly unpaid change orders, the trial court correctly directed a verdict in favor of Kennedy on John Thurmond's counterclaim.[6]

*Judgment reversed in Case No. A07A0045. Judgment affirmed in Case No. A07A0046. Phipps and Mikell, JJ., concur.*

DECIDED JULY 3, 2007 —
RECONSIDERATIONS DENIED JULY 18, 2007 —

*Jerry C. Carter, Jr.*, for appellant.
*Penna & Mendicino, Derek A. Mendicino, Marmur & Associates, Angela C. Henderson*, for appellee.

---

[4] (Citations and punctuation omitted.) *Ryland Group v. Daley*, 245 Ga. App. 496, 498 (1) (a) (537 SE2d 732) (2000).
[5] See *Robert E. Canty Bldg. Contractors*, supra.
[6] See *Brandon v. Clark*, 235 Ga. App. 614, 616 (1) (510 SE2d 153) (1998).