## S07G1776. JOHN THURMOND & ASSOCIATES, INC. v. KENNEDY.

### (668 SE2d 666)

THOMPSON, Justice.

We granted John Thurmond & Associates, Inc.'s (JTA) petition for writ of certiorari to the Court of Appeals to determine whether a plaintiff in a breach of contract and negligent construction case must prove fair market value of the property as a prerequisite to any recovery. See *Kennedy v. John Thurmond & Assoc.*, 286 Ga. App. 642 (649 SE2d 762) (2007). For the reasons that follow, we hold that fair market value need not be proven in every construction defect case and affirm.

David Kennedy is a homeowner whose home was substantially damaged by fire. JTA is a residential restoration/construction company hired by Kennedy to make repairs to his home for an agreed upon contract price of $311,156. Kennedy subsequently discovered problems with the construction and initiated an action against JTA for breach of contract, breach of warranty, negligent construction, and negligence. At trial Kennedy presented evidence of the cost of repairing the allegedly faulty construction estimated at $751,632.[1] After the close of evidence, the trial court granted JTA's motion for a directed verdict on the ground that Kennedy did not present evidence of the fair market value of his home after the allegedly faulty repairs. Kennedy appealed and the Court of Appeals reversed, concluding that evidence of the fair market value of the home after the repairs were made was not required. *Kennedy*, supra at 644.

1. We begin our analysis of the proper measure of damages in this case by acknowledging that damages are intended to place an injured party, as nearly as possible, in the same position they would have been if the injury had never occurred. See *BDO Seidman v. Mindis Acquisition Corp.*, 276 Ga. 311 (1) (578 SE2d 400) (2003); *Redman Dev. Corp. v. Piedmont Heating &c.*, 128 Ga. App. 447 (197 SE2d 167) (1973). Juries, therefore, are given wide latitude in determining the amount of damages to be awarded based on the unique facts of each case. See *Atlanta Metallic Casket Co. v. Hollingsworth*, 107 Ga. App. 594 (131 SE2d 61) (1963) (court has no power to review jury verdict absent evidence its finding was due to prejudice or bias, or was influenced by corrupt means). See also *Rafferzeder v. Zellner*, 272 Ga. App. 728 (613 SE2d 229) (2005) (questions of value are peculiarly for determination of fact finder

---

[1] Kennedy presented evidence demonstrating that, inter alia, siding and roof materials had been improperly installed and floors on the home's main level were substantially uneven, causing wall cracks throughout the home and requiring the tear out and removal of all floor joists beneath the home in order to repair the defects.

where there is any data upon which fact finder may exercise its own knowledge and ideas).

As a general rule, damages for defective construction, whether those damages are the result of a breach of contract or negligence of the contractor, are determined by measuring the cost of repairing or restoring the damage, unless the cost of repair is disproportionate to the property's probable loss of value. *Hall v. Chastain*, 246 Ga. 782, 784 (273 SE2d 12) (1980); *Central R&B Co. v. Murray*, 93 Ga. 256, 257 (20 SE 129) (1893); *Empire Mills Co. v. Burrell Engineering &c. Co.*, 18 Ga. App. 253, 256 (89 SE 530) (1916). Where demanded by the facts of a case, courts also have determined damages in such cases by measuring the diminution in value of the property after the injury occurred. See *Harrison v. Kiser*, 79 Ga. 588 (8) (4 SE 320) (1887); *Ryland Group v. Daley*, 245 Ga. App. 496 (537 SE2d 732) (2000) (damages measured by diminution in value where defects are permanent); *Mercer v. J&M Transp. Co.*, 103 Ga. App. 141 (118 SE2d 716) (1961) (measuring damages by diminution in value where restoration would require construction of entirely new home). Frequently, both measures of damages are in evidence and are complementary to the other, inasmuch as

> proof of the cost of repair because of the defective construction is illustrative of the difference in value claimed as damages, and is more likely to represent the true damage suffered from the failure of a contractor to complete his contract than would the opinion of an expert as to the difference in values.

(Punctuation omitted.) *Williams Tile &c. Co. v. Ra-Lin & Assoc.*, 206 Ga. App. 750, 752 (4) (426 SE2d 598) (1992). See also *Morrison Homes of Fla. v. Wade*, 266 Ga. App. 598 (598 SE2d 358) (2004); *Ray v. Strawsma*, 183 Ga. App. 622, 623 (359 SE2d 376) (1987).

These principles are repeated in the Restatement (Second) of Contracts, which states:

> (2) If a breach results in defective or unfinished construction and the loss in value to the injured party is not proved with sufficient certainty, he may recover damages based on
>
> (a) the diminution in the market price of the property caused by the breach, or
>
> (b) the reasonable cost of completing performance or of remedying the defects if that cost is not clearly disproportionate to the probable loss in value to him.

Restatement (Second) of Contracts: Alternatives to Loss in Value of

Performance, § 348. See also Restatement (Second) of Torts, § 929 (2) ("If a thing attached to the land but severable from it is damaged, [injured party] may at his election recover the loss in value to the thing instead of the damage to the land as a whole.").

Thus, under Georgia law, cost of repair and diminution in value are alternative, although oftentimes interchangeable, measures of damages in negligent construction and breach of contract cases.[2] An injured party may choose to present his case using either or both methods of measuring damages, depending on his particular circumstances.[3] If, as in the instant case, he seeks to recover based on the cost of repair method, evidence of the fair market value of the improved property is not a necessary element of his claim for damages.[4] See *Rafferzeder v. Zellner*, supra, 272 Ga. App. at 728 (1) (evidence of repair costs provided basis for fact finder to calculate damages); *Morrison Homes of Fla. v. Wade*, supra, 266 Ga. App. at 599-600, n. 1 (same); *Jack V. Heard Contractors v. Moriarity*, 185 Ga. App. 317 (363 SE2d 822) (1987) (evidence of fair market value not required where plaintiff presented evidence of cost of repair). The burden to produce evidence supporting a claim for damages under either method rests, of course, on the injured party and this must be done by evidence which will furnish the jury data sufficient to enable them to estimate with reasonable certainty the amount of damages. *David Enterprises v. Kingston Atlanta Partners*, 211 Ga. App. 108, 111 (438 SE2d 90) (1993); *Wipo, Inc. v. Cook*, 187 Ga. App. 7 (1) (369 SE2d 306) (1988). In response, the defendant has the burden to present any contradictory evidence challenging the reasonableness or proportionality of those damages and where appropriate, evidence of an alternative measure of damages for the jury's consideration. See *American Pest Control v. Pritchett*, 201 Ga. App. 808, 810 (412 SE2d 590) (1991) (whether repair of house is "absurd undertaking" is question of fact for jury); Corbin on Contracts, § 60.1 (2005)

---

[2] Although unusual, it may sometimes be appropriate, in order to make the injured party whole, to award a combination of both measures of damages. In such cases, notwithstanding remedial measures undertaken by the injured party, there remains a diminution in value of the property, and an award of only the costs of remedying the defects will not fully compensate the injured party. See, e.g., *Ray v. Strawsma*, supra, 183 Ga. App. at 624.

[3] Whether the facts in a particular controversy justify the application of the rule of damages permitting recovery for the amount of the reasonable cost of repairing the defects, or whether the facts are such as to require application of the diminution in value rule, is a question ordinarily determined by the trial court based on the varying facts and circumstances of each case. See *Ray v. Strawsma*, supra, 183 Ga. App. at 623; *Small v. Lee & Bros.*, 4 Ga. App. 395 (61 SE 831) (1908).

[4] The proportionality rule similarly does not require an injured party to prove fair market value. When assessing proportionality, the trial court need only determine whether the cost to remedy the defect is disproportionate to the loss. See *Empire Mills*, supra, 18 Ga. App. at 256; 3 E. Allan Farnsworth, Farnsworth on Contracts, § 12.13 (1990).

(burden on contractor guilty of breach to prove award of repair costs constitutes economic waste).

2. Against this background, and relying on several Court of Appeals cases, JTA argues that evidence of fair market value is necessary regardless of the measure of damages applied because recoverable damages in construction defect cases can never exceed the fair market value of the property at the time of the breach or tort. While Georgia courts may not always have been clear in their application of the rules of damages in construction defect cases, we find no authority in the cases JTA relies upon to support his contention that courts have created an inflexible rule limiting the amount of recoverable damages.

In *Small v. Lee & Bros.*, supra, 4 Ga. App. 395, the homeowner, who contracted with a builder for the construction of a home, claimed that the builder failed to comply with the terms of the contract and that she was entitled to damages in an amount equal to what it would cost to make the house as built conform to the house as contracted for, i.e., the cost of adding two feet in both length and width to the size of each room in the home. Recognizing that the measure of damages must vary with the facts of each case, the Court of Appeals determined that in that case, where the builder had substantially complied with the contract specifications and the homeowner had accepted and was living in the home, the appropriate measure of damage,

> and one which would not be unjust in its application to either party, would be the difference between the value of the house as finished and the house as it ought to have been finished. To require that the house should be rebuilt, and that the contractor should pay the cost of rebuilding, or that the estimated cost of making the house conform to the contract should be allowed as damage, would be to give an unconscionable advantage to the owner, and would deprive the contractor of adequate compensation for his work and materials.

Id. at 398. Thus, the court in *Small* correctly recognized that in some cases defects cannot be remedied without great expense and/or substantial damage to the rest of the structure and determined that in such cases, where the cost of remedying the defect would far exceed the value of the improvement and provide a windfall to the injured party, an alternative measure of damages should be applied. See also *Mercer*, supra, 103 Ga. App. at 143 (measuring damages by diminution in value where restoration would have required construction of entirely new home).

In *Song v. Brown*, 255 Ga. App. 562 (565 SE2d 884) (2002), the plaintiff homeowner argued that the trial court's damage award was too little and contrary to the evidence. The Court of Appeals affirmed the reduced damage award, noting that plaintiff failed to provide evidence of fair market value of the improved realty. The court's decision did not turn on the absence of fair market value evidence, however, but upon plaintiff's failure to provide sufficient evidence of all of the alleged defects and failure to prove that certain repairs could not have been made in a more economically feasible manner. Id. at 563-564. Thus, the court's statement that a plaintiff must prove the fair market value of the property at the time of the breach was mere dicta, and the court's actual holding is consistent with the requirement that damages must be reasonable and proven "in a manner sufficient to allow the [fact finder] to estimate them with reasonable certainty free from speculation, conjecture and guess-work. [Cit.]" (Punctuation omitted.) Id. at 564.

In *Ryland Group v. Daley*, supra, 245 Ga. App. 496, homeowners sought damages against their builder for breach of contract, negligent construction and breach of warranty. The jury awarded both the cost to repair the home and an additional ten percent diminution in value of the contract price of the home. The trial court reduced the jury's award to an amount equal to the actual cost of repair and the Court of Appeals affirmed, finding that the jury's award of both cost of repair and diminution in value was not the proper measure of damages in the absence of evidence that after reasonable repairs permanent defects would continue to exist. Id. at 503. The court went on to state that under either measure of damages, fair market value of the improved realty must be proven because the plaintiff is entitled only to the benefit of the bargain or to be made whole and not to recover a windfall. Id. at 502-503.

Despite JTA's arguments, we are not persuaded that either this language or the similar language in *Song* was intended by the Court of Appeals to create an immutable rule that damages may never exceed the fair market value of the property. To construe this language to mechanically limit damages would be contrary to the charge that the method of calculating damages should be flexible so as to reasonably compensate the injured party, and at the same time, be fair to all litigants.[5] See *Atlanta Recycled Fiber Co. v. Tri-Cities*

---

[5] That is not to say there is no limitation on the amount of damages to be awarded in construction defect cases. As with all damages, " 'the cost of repair must be reasonable and bear some proportion to the injury sustained.' [Cit.]" *Empire Mills*, supra, 18 Ga. App. at 256. This is true even though repair costs may exceed the diminution in value. E.g., *NEDA Constr. Co. v. Jenkins*, 137 Ga. App. 344 (4) (223 SE2d 732) (1976). In keeping with this principle, the Court of Appeals has rejected cost of repair as the measure of damages where correction of the

*Steel Co.*, 152 Ga. App. 259 (3) (262 SE2d 554) (1979) (awarding of damages is to compensate plaintiff for damages sustained and not unreasonably burden defendants beyond point of compensating plaintiff). Rather, we believe such language evidences the court's recognition that damages to improved property, like damages to real property, must be reasonable and bear some proportion to the injury sustained and that fair market value is one factor the fact finder may use to measure the reasonableness and proportionality of claimed damages. See *Georgia Northeastern R. v. Lusk*, 277 Ga. 245 (2) (587 SE2d 643) (2003); *Magnus Homes v. DeRosa*, 248 Ga. App. 31, 32 (545 SE2d 166) (2001); *Empire Mills*, supra, 18 Ga. App. at 256. To the extent language in *Ryland* suggests fair market value is the only method, it is disapproved.

3. Here, the record shows that Kennedy elected to prove his damages by presenting evidence, including expert testimony, of the cost to repair the alleged damage to his home caused by JTA's defective workmanship. Because there is no indication in the record that the court determined cost of repair to be an inappropriate measure of damages in this case and because Kennedy presented some evidence of the cost to repair, we agree with the Court of Appeals that the trial court erred in directing a verdict against Kennedy. See *Teklewold v. Taylor*, 271 Ga. App. 664, 665 (610 SE2d 617) (2005) (directed verdict improper where there is any evidence to support non-moving party's case).

*Judgment affirmed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

We granted certiorari to determine whether proof of the property's market value is a prerequisite to a recovery for breach of a construction contract or for negligent construction. The majority answers that question in the negative. I disagree and, therefore, respectfully dissent.

"There are three measures of damages applicable to injury to improved realty." Link & Hertz, *Ga. Law of Damages*, § 27.2, p. 473 (2007). The general rule permits the plaintiff to recover the cost of restoration; when that cost is unreasonable considering the property's pre-injury market value, recovery of the diminution in the

---

defect would be an "absurd undertaking." See id.; *Atlanta Recycled Fiber Co. v. Tri-Cities Steel Co.*, 152 Ga. App. 259 (3) (262 SE2d 554) (1979); *Cornett v. Agee*, 143 Ga. App. 55, 57-58 (237 SE2d 522) (1977); *Mercer*, supra, 103 Ga. App. 141 (2). But see *American Pest Control*, supra, 201 Ga. App. at 809 (2) (where improved realty has historical or other intrinsic worth not reflected in fair market value, cost of repair is applicable measure of damages even though result may be recovery which far exceeds fair market value of property).

market value of the improved realty is the measure of damages; and, if the property has historic or other intrinsic worth to the owner, the measure of damages is the cost of repair notwithstanding that that results in a recovery which exceeds the pre-injury market value. Link & Hertz, supra.

However, the complaint in this case did not allege that John Thurmond & Associates, Inc. (JTA) damaged Mr. Kennedy's house. That structure had already sustained substantial damage in a fire, and JTA was hired to make repairs for a contract price of $311,156. Mr. Kennedy contends that JTA breached the contract and performed the repairs negligently. Thus, recovery is sought for failing to improve the property in accordance with the contract, not for damaging existing improvements to the realty.

Obviously, fair market value of the property as it should have been improved must be shown, since that is what Mr. Kennedy claims that he lost as the result of JTA's breach or negligence.

As a general rule, the measure of damages in such a case is

"the difference between the value of the work as actually done and the value which it would have had if it had been done properly under the contract .... (T)his difference in value can be shown by evidence of the reasonable cost of correcting the defect." [Cit.]

*City of Atlanta v. Conner*, 262 Ga. App. 423, 425 (585 SE2d 634) (2003). Thus, Mr. Kennedy must show the fair market value of property had it been improved properly according to the contract and the fair market value of the property as it was actually improved by JTA. The difference between those two fair market values is the measure of recoverable damages. The cost of repairs is not admissible as an alternative measure of damages, but as evidence showing the recoverable difference in the market values.

"[T]his difference in value can be shown by evidence of the reasonable cost of correcting the defect. Proof of the cost of repair because of the defective construction is illustrative of the difference in value claimed as damages, and is more likely to represent the true damage suffered from the failure of a contractor to complete his contract than would the opinion of an expert as to the difference in values, though such proof would also have been permissible." [Cit.]

*Magnus Homes v. DeRosa*, 248 Ga. App. 31, 32 (1) (545 SE2d 166) (2001).

As is true in cases involving damage to improved property, there is an alternate measure of damages in cases involving the breach and

negligent performance of a construction contract. When the improvements made to the property

> cannot be reasonably repaired, the measure of damages is "the property's value as diminished by irremediable defects . . . deducted from the value of the house as it should have been completed according to the contract . . . . If the damage cannot be repaired, it seems pointless error to insist the value be determined by cost of repair." [Cit.]

*City of Atlanta v. Conner*, supra. Thus, this alternate measure of damages for irremediable defects also requires proof of the difference in market values, but since recovery is sought for irreparable defects, that difference cannot be shown by evidence of the cost of repairs.

Recognition of the general and alternate measure of damages in construction cases "is not a new rule, nor is it necessarily limited to breach of contract cases. [Cit.]" *Ray v. Strawsma*, 183 Ga. App. 622, 624 (1) (359 SE2d 376) (1987). Which measure of damages applies "must necessarily vary with the facts of the particular case and be determined according to these facts." *Small v. Lee & Bros.*, 4 Ga. App. 395, 397 (61 SE 831) (1908).

> Regardless of the measure of damages, however, the fair market value of the property must be proven, and, although exact figures are not necessary, the trier of fact must be able to "reasonably estimate (the fair market value) without resort to guesswork." [Cits.]

*City of Atlanta v. Conner*, supra. Proof of fair market value at the time of the breach is necessary in all cases because that is what was allegedly lost and "the plaintiff is entitled only to the benefit of the bargain or to be made whole and not to recover a windfall." *Ryland Group v. Daley*, 245 Ga. App. 496, 502-503 (7) (537 SE2d 732) (2000). The only variation is how that recoverable loss can be shown. If the defect is reasonably repairable, the loss in fair market value can be shown by the cost of repair. If the defect is not reasonably repairable, the cost of repair cannot be used to show the loss in fair market value.

The determinative factor as to which measure of damages applies is that " '[t]he cost of restoration may not be disproportionate to the diminution in the property's value. Rather, " 'the cost of repair must be reasonable and bear some proportion to the injury sustained.' (Cit.)" [Cit.]' [Cits.]" (Emphasis omitted.) *Wise v. Tidal Constr. Co.*, 270 Ga. App. 725, 729 (1) (608 SE2d 11) (2004). Thus, if the cost of repair is reasonable when compared to the diminishment

in the fair market value of the property at the time of the breach, the defect is deemed remedial and the general measure of damages applies. On the other hand, if the cost of repair is unreasonable when compared to the diminishment in the fair market value, the alternate measure of damages applies.

*Ideal Pool Corp. v. Hipp*, 187 Ga. App. 273, 274 (370 SE2d 32) (1988) is illustrative. There, the contract specified that a swimming pool with a diving board would be built for $14,500, but, after construction of the pool, the diving board could not be installed for reasons of safety. To redesign and rebuild the pool so as to accommodate a diving board would cost between $12,000 and $15,000. However, "[t]he uncontroverted evidence at trial was that the presence or absence of a diving board would have virtually no effect on the value of the completed swimming pool." *Ideal Pool Corp. v. Hipp*, supra at 275 (1). Thus, to apply the general measure of damages whereby the homeowner could recover between $12,000 and $15,000 to "repair" the pool by rebuilding it " 'would be to give an unconscionable advantage to the owner, and would deprive the contractor of adequate compensation for his work and materials.' [Cit.]" *Ideal Pool Corp. v. Hipp*, supra. Accordingly, the alternate measure of damages was applicable, whereby the homeowner was entitled to recover only the actual "diminution in the value of the swimming pool as constructed when compared to its value had it been constructed in strict conformity with the contract." *Ideal Pool Corp. v. Hipp*, supra. To permit a recovery of "repairs" in an amount which far exceeds any diminishment in the fair market value of the property would constitute a windfall, and "the owner cannot be placed in a better position than if the contract had not been breached. [Cits.]" *Magnus Homes v. DeRosa*, supra.

Here, Mr. Kennedy claimed some $751,631 in repairs to a residence that JTA contracted to rebuild for $311,156. Obviously, $751,631 to "repair" a house that was rebuilt for $311,156 is unreasonable, just as a sum between $12,000 and $15,000 to "repair" a $14,500 swimming pool in *Ideal Pool Corp.* was unconscionable. Thus, Mr. Kennedy was not entitled to rely on the cost of repairs as his measure of damages, but was required to show the diminishment in the fair market value of the house as a result of the defects. The residence

> has some value, if only for scrap ([cit.]), and that value may obviously be whatever it is worth as a result of the irremediable defects. The owner should not have the benefit of that value, however low, by recovering [more than double] the entire contract price; the property's value as diminished by irremediable defects should be deducted from the value

of the house as it should have been completed according to the contract.

*Ray v. Strawsma*, supra at 623-624 (1). Because Mr. Kennedy failed to prove his recoverable damages, but relied instead on the evidence of the cost of "repairs," the trial court correctly granted JTA's motion for directed verdict and the Court of Appeals incorrectly reversed the trial court. Therefore, I dissent to the majority's affirmance of what I believe to be an erroneous judgment of the Court of Appeals.

DECIDED OCTOBER 27, 2008.

*Penna & Mendicino, Derek A. Mendicino*, for appellant.
*Jerry C. Carter, Jr., David S. Kennedy, Jr., Marmur & Associates, Angela C. Henderson*, for appellee.